No. 14,961.

## McClure *v.* The Board of Commissioners of Franklin County.

TURNPIKE.—*Construction of Instead of Bridge.*—*County Commissioners.*—*Petition not Required.*—*Statute.*—Under the act of March 7th, 1885, authorizing the board of commissioners to order the construction of a free turnpike road instead of a bridge, if in their opinion the pike can be so constructed as to avoid the necessity of a bridge, and be of the same public convenience, no petition is required. The board may proceed on its own motion.

McClure *v.* The Board of Commissioners of Franklin County.

SAME.—*Location of New Road.*—Under the act the board, where there is no established highway over the route of the proposed road, may order a new road to be laid out.

From the Franklin Circuit Court.

*J. F. McKee, D. W. McKee, F. Berry* and *H. Berry, Jr.,* for appellant.

*F. M. Alexander* and *G. F. O'Byrne,* for appellee.

OLDS, J.—The board of commissioners of Franklin county, at its June session, 1887, made an order for the construction of a free turnpike in said county. The order recites that: "Whereas, in the opinion of the board of commissioners, public convenience requires that a bridge should be built over the east fork of the White Water river, in Franklin county, Indiana, at a point near the southwest corner of the southeast quarter of section 4, township 9, of range 2 west; and, whereas, in the opinion of said board, a free turnpike, less than three and one-half miles in length, can be constructed so as to avoid the necessity of such bridge and be of the same public convenience; and, whereas, from surveys and estimates heretofore made by Thomas A. Hardman, a competent surveyor and engineer heretofore appointed by the board to make estimates of the cost of such bridge and free turnpike, the board finds that the cost of building a suitable bridge at said point would be thirteen thousand dollars, and that the cost of constructing a free turnpike, to avoid the necessity of building such bridge, will be seven thousand four hundred and sixty dollars, and that the estimated cost to build the same far exceeds the ability of the road district in which said free turnpike is to be built by the application of the ordinary road work and tax to perform the same. And the board further finds that such turnpike can be so constructed as to avoid the necessity of such bridge and be of the same public convenience, and that the cost of constructing such free turnpike will be less than the cost of constructing said bridge. It is, therefore, ordered

by the board that there be constructed, instead of a bridge, a free turnpike along the east side of the east fork of the White Water river, commencing on the east approach to the bridge," etc., describing the turnpike.

By said order the board appointed three disinterested freeholders, residents of said county, viewers, and Calvin Carter, a competent surveyor and engineer, to examine, view and lay out said road between the points described in the order, as in their opinion public convenience required, fixing a time for them to meet and take an oath, and provided that they should take to their assistance two suitable persons as chain carriers and markers, and proceed to examine, view and lay out said road, and to assess and determine the damages sustained by any person through whose land said road is to be laid out as provided by the law regulating the construction of free turnpikes, and make their report to the board and file the same with the county auditor on or before August 1st, 1887.

The viewers proceeded to discharge the duty, and view and lay out said road, and assess the damages and file their report in accordance with said order of the board of commissioners, in which the road is particularly described, giving the route, course and distance, the grade, material and manner of construction, and describing the land through which it runs, and the owners' names thereof, and amount of damage sustained, and the auditor gave notice thereof as required by section 4 of the act of April 8th, 1885, concerning gravel and macadamized roads.

At the succeeding term of the board of commissioners the appellant entered a special appearance and moved to dismiss the proceedings, the grounds of the motion being in effect that the board had no jurisdiction of the subject-matter or the person of the appellant, for the reason that no petition or bond had been filed for such free turnpike, and there had been no compliance with the statute authorizing the construction of free turnpike roads.   Sections 5091–5114, R. S. 1881.

The motion was overruled, and afterwards the appellant filed an affidavit and bond, and took an appeal to the circuit court, and then renewed his motion to dismiss, which was overruled, and exceptions reserved, and this ruling is assigned as error.

By the act approved March 7th, 1885, (Elliott's Supp., sections 1518 to 1522) the board of commissioners is authorized to construct a free turnpike instead of a bridge, if in the opinion of the board said pike can be so constructed as to avoid the necessity of such bridge, and be of the same public convenience.

The board in this case proceeded under the act approved March 7th, 1885, and the record shows a full compliance with said act. When the board proceeds under said act no petition is required ; the board proceeds upon its own motion.

There was no error in overruling the appellant's motion to dismiss.

After appellant's motion to dismiss was overruled he filed an answer in two paragraphs.

The board filed a demurrer to the first paragraph, which was sustained, and appellant excepted, and this ruling is assigned as error.

This paragraph of answer is almost identical with the motion to dismiss, and proceeds upon the theory that the proceedings are under the free turnpike law, R. S. 1881, and that to give the board jurisdiction to order the construction of such road there must be a petition signed by the required number of freeholders, and notice given of the filing of such petition ; and the answer sets up the fact that no such petition was filed, and that no notice was given. These proceedings are not instituted under such law, but, as we have said, the proceedings were instituted under the act of 1885, authorizing the board of commissioners, on its own motion, to order the construction of a free turnpike instead of a bridge. It is true that section 3 of the act provides that " said commissioners, in the construction of such pike, shall

be governed by the law regulating the construction of free turnpikes, except that the same shall be paid for as hereinbefore provided ;" and section 2 provides that it shall be paid for out of the county treasury. But the board of commissioners in this case complied with the free turnpike law in all that was contemplated in its appointment of viewers and engineers to locate the road and assess the damages; and the land owner affected by its construction would no doubt have the right to remonstrate and have his damages assessed, if any have been sustained, under the provisions of the free turnpike law ; but the appellant does not seek that remedy in this case.

The answer also alleges that there was no established highway over the roads where the turnpike was ordered constructed, but that such order laid out and located a new road, and it is contended that the statute only contemplates the construction of a free turnpike over the route of an existing road. We do not agree with this theory. The statute (Elliott's Supp., section 1518) grants the power to the board of commissioners to construct a free turnpike instead of a bridge, and section 1520 provides that the construction shall be governed by the law requiring the construction of free turnpikes; and section 1 of the law regulating the construction of free turnpikes, section 5091, R. S. 1881, provides that " The board of commissioners of any county in this State shall have power, as hereinafter provided, to lay out, construct, or improve, by straightening, grading, draining, paving, gravelling," etc.; and section 3 of said act authorizes the viewers appointed 'to view, examine, lay out, or straighten. The act of 1885 dispenses with any petition, and provides that the work shall be paid for out of the county treasury, and authorizes the board of commissioners to take the initiatory step when, in its discretion, the public convenience shall require it to be done. The board has power to order a bridge constructed, and this act gives the board the same power to construct a free turnpike instead of a bridge, if, in its

opinion, it will take the place of, and be of the same public convenience.

The demurrer to the first paragraph of answer was properly sustained.

There was a trial had, resulting in a finding and judgment in favor of appellees. Appellant filed a motion for a new trial, which was overruled, and exceptions reserved, and this ruling is assigned as error. But no new or different question is presented by this ruling from those already passed upon.

There is no error in the record.

Judgment affirmed, with costs.

Filed May 29, 1890.