MARY A. GLADIS *v.* ARDIS C. MELLOH

[No. 571A92. Filed October 6, 1971. Rehearing denied November 1, 1971. Transfer denied February 22, 1972.]

*Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*Michael B. Reddington,* of Indianapolis, for appellee.

SHARP, J.—This case involves a controversy between the daughter and son of Cecilia I. Melloh, deceased. The daughter, plaintiff-appellant, Mary A. Gladis, filed her amended complaint against the son, Ardis C. Melloh, defendant-appellee.

The essential allegations of the complaint are: Mary A. Gladis and Ardis C. Melloh are the children of Cecilia I. Melloh and their father predeceased their mother. It is further alleged that Cecilia I. Melloh discovered that she had terminal cancer and, fearing a protracted period of increasing disablement concluding in death, had the family home and savings account put in the joint name with Ardis and his wife so that said son could administer the family affairs during her decline. Ardis is alleged to have promised Cecilia that upon the death of the mother he would pay to Mary an amount equal to one-half of the value of the property entrusted to his care after the expenses of the last illness and funeral expenses were deducted in reliance upon that promise. At the time of the conveyance of said real estate and the transfer of said savings account and prior thereto the mother, Cecilia, was deceived by the promise of Ardis that he would pay to his sister, Mary, an amount equal to one-half of the value of the property entrusted to his care after the expenses of the last illness and burial were deducted, when in truth and in fact Ardis had done so with the intent to obtain the title to the land and savings account by means of the promise. Cecilia I. Melloh died on March 16, 1964. Since the death of Cecilia I. Melloh, Ardis has repeatedly acknowledged his financial obligation under the antemortem agreement with his mother to his sister. The first time Ardis reputed his agreement with his mother, which he had previously acknowledged, was on November 26, 1969. Ardis has paid to Mary a sum of approximately

$4100.00. Mary has demanded that Ardis pay to her said money and said demand has been refused. Said complaint further alleges that by operation of law the defendant-appellee, Ardis C. Melloh, became a trustee for the performance of his promise to his mother and Mary became the beneficiary of a constructive trust. Said complaint further alleges that defendant-appellee, Ardis, has willfully and maliciously converted the rest of this trust to his own use and benefit and has fraudulently denied his obligation to his sister and has refused to pay Mary her inheritance, all for the purpose of permanently depriving her of her fifty per cent share.

To this amended complaint the defendant-appellee has filed a motion to dismiss under Trial Rule 12(B) (6) under the Indiana Rules of Procedure. Said motion to dismiss asserts that the plaintiff has failed to state a claim upon which relief can be granted. The trial court sustained the defendant-appellee's motion to dismiss and such is assigned as the sole basis of error in this appeal. The sole matter for our concern here is whether or not the amended complaint of the plaintiff-appellant as outlined above is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. Both divisions of this court have recently spoken on the question of the sufficiency of a complaint to withstand a motion to dismiss under Trial Rule 12(b) (6). See *Farm Bureau Ins. Co.* v. *Clinton, et al.,* 149 Ind. App. 36, 269 N.E. 2d 780 (1971) and *Theis* v. *Heuer,* 149 Ind. App. 52, 270 N. E. 764 (1971). We need not recite the authorities cited in *Farm Bureau Ins. Co. v. Clinton* and *Theis v. Heuer.*

In addition the Supreme Court of the United States has stated that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson,* 355 U.S. 14, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Where the complaint shows the plaintiff may be entitled to some relief, the complaint is not to be dismissed even

though he is not entitled to the particular relief for which he has asked in his demand for judgment. *Lada* v. *Wilkie*, 250 F. 2d 211 (8th Cir. 1957).

The test is whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. *Knox* v. *First Sec. Bank of Utah*, 196 F. 2d 112 (10th Cir. 1952).

Since Trial Rule 12 of the Indiana Rules of Civil Procedure is quite similar to its counterpart of the Federal Rules of Civil Procedure, the above Federal authorities are relevant to a proper interpretation of the Indiana Rules.

We must, therefore, consider the allegations of the amended complaint as true on their face with all inferences most favorable to the plaintiff. (This is not a situation under Trial Rule 56 where the trial court elected to treat the motion to dismiss as a motion for summary judgment. Therefore, our consideration must be limited to the allegations on the face of the complaint and the motion addressed thereto. In this context we are not permitted to examine into extraneous documents, including depositions, answers to interrogatories and other exhibits which are not a part of the complaint although we have been invited to do so by the parties.)

As a preliminary, we would emphasize that we are concerned here with the legal sufficiency of the plaintiff-appellant's allegations in her complaint and will not speculate as to whether or not she can persuasively prove these allegations at a trial on the merits of this case.

The appellee asserts that the allegations in the plaintiff-appellant's complaint fail to state a claim upon which relief can be granted because of the provisions of the Statute of Frauds as found in Ind. Ann. Stat. § 33-101, I.C. 1971 32-2-1-1. In support of his contention the defendant-appellee cites the case of *Westphal* v. *Heckman*, 185 Ind. 88, 113 N.E. 299

(1916). It must be emphasized that *Westphal* was decided upon the failure of the plaintiff in that case to *prove* their case. A careful reading of *Westphal* will indicate that it is not authority to sustain the defendant-appellee's motion to dismiss in this case. At 185 Ind. 161, our Supreme Court said:

> "It does not appear from the finding in this case that at the time the conveyance was made, or prior thereto, appellant exercised any improper influence which controlled the free will of the grantor, or that the grantor was at the time misled or deceived by any statement or promise of the grantee as to his present purpose of intent. The finding does not show that at the time the conveyance was made the grantee intended to obtain the title to the land by means of the promise, and then to hold it for his own use and benefit, and that he then had the formed intention of not carrying out this promise."

The above quotation from the *Westphal* case does impose the obligation upon the plaintiff-appellant to prove that at the time of the conveyance referred to in plaintiff-appellant's amended complaint the defendant-appellee intended to obtain the title to the property in question by means of a promise and to hold it for his own use and benefit and that at that time he had formed the intention of not carrying out his promise.

The quoted language from the *Westphal* case is in accord with the provisions of § 90 of the Restatement of Contracts which states:

> "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

Also, there is a multitude of authority in the case law defining fraud, and perhaps the most workable definition for our purposes here is found in § 471 of Restatement of Contracts which states:

"'Fraud' in the Restatement of this Subject unless accompanied by qualifying words, means

(a)    misrepresentation known to be such, or

(b)    concealment, or

(c)    non-disclosure where it is not privileged,

by any person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction; except as this definition is qualified by the rules stated in § 474."

In addition § 473 of the Restatement of Contracts states:

"A contractual promise made with the undisclosed intention of not performing it is fraud."

Even under the practice in Indiana before January 1, 1970, it was not necessary to actually use the term "fraud" in order to properly plead the same. It was enough if the facts averred showed fraud. *In re Haas Will*, 115 Ind. App. 1, 54 N. E. 2d 119 (1944), *Automobile Underwriters, Inc.* v. *Smith*, 131 Ind. App. 454, 166 N. E. 2d 341 (1960), and *Gorney* v. *Gorney*, 136 Ind. App. 96, 181 N. E. 2d 779 (1962).

The burden to allege and prove fraud in circumstances similar to these was well outlined by our Supreme Court in Brown v. Brown, 235 Ind. 563, 135 N.E. 2d 614 (1956). It must be emphasized in *Brown* there was a failure to *plead* fraud. Here, we hold that the complaint is sufficient to permit proof of fraud.

In the same vein this court in *McKinley* v. *Overbay*, 132 Ind. App. 272, 177 N.E. 2d 389 (1960) deals with the failure to *prove* fraud. It is also important to note in *McKinley* there was an allegation of an express trust which is not the case here.

One of the underlying considerations involved in the Statute of Frauds is expressed by our Supreme Court in *Turpie* v. *Lowe*, 158 Ind. 314, 62 N. E. 484, which states at page 322:

"An agreement for an extension of the time of redemption, although not in writing, nor supported by any consideration excepting the promise of the redemptioner to pay

the amount to become due, with interest, when acted upon by the parties, is not within the Statute of Frauds. It is said in Butt v. Butt, 91 Ind. 305, 307, that: 'A statute which is intended to prevent fraud should not be permitted to be used for its promotion. Arnold v. Cord, 16 Ind. 177; Teague v. Fowler, 56 Ind. 569; Butcher v. Stultz, 60 Ind. 170. Contracts within the statute of frauds are not void, but merely voidable. When fully consummated, they become valid. They become binding when so far executed that the parties cannot be placed in statu quo. The law, we think, is of universal application that the statute of frauds cannot be invoked for the protection of any right, or undue advantage acquired by a contract not enforceable under its provisions.' "

See also, *Powell* v. *Nussbaum,* 192 Ind. 358, 136 N.E. 571 (1922) and *Catalina, et al.* v. *Catalina,* 124 Ind. 154, 24 N.E. 375 (1890).

Also, the situation in the instant case in its main outlines is similar to that found in *Hadley* v. *Kays,* 121 Ind. App. 112, 126, 127, 129, 98 N.E. 2d 237 (1951), in which this court said:

"* * * From all of the circumstances in the evidence, considering the purchase and ownership of the two farms, the actions of the parties with reference to the use and occupancy of the Home place and the Page place and considering the fact that this was an agreement between a mother and her two sons with mutual affection and confidence, and that from the appellant's own testimony that the title was taken in the mother's name in order to make an adjustment of interests of the two boys, it seems to this court that it could be reasonably inferred, as found by the trial court, that the title was to be held in the mother's name until a family settlement was made which would carry into effect the purpose of all of the parties, and that pursuant to such agreement, title to the Hutton farm was taken in the name of the mother. This agreement arose and there was a meeting of the minds and agreement of the parties, the two sons and the mother, prior to the time title was taken in the mother's name. It may be that the agreement once made might cover matters transpiring through a period of years, but this would not destroy the legal effect of the agreement upon the creation of a resulting trust in connection with the deed to the mother."

\* \* \*

"Family settlements such as are shown by the facts in the case at bar are especially favored by the law, and are upheld by the courts to encourage and maintain family confidence, and to avoid frauds, and the abuse of such confidence."

\* \* \*

"Appellants, also assert the Statute of Frauds as a bar to the decision of the trial court vesting title to the real estate in question in appellees. An oral contract with reference to real estate in question in appellees. An oral contract with reference to real estate is not void, but only unenforceable. The facts and circumstances as particularly related in this opinion disclose a situation, which brings this case within the rule, that where a contract has been so far performed by one party that the failure to enforce the same would work a fraud upon the party who has complied with the contract, the party who has received the benefits of the contract cannot defeat performance by asserting the contract is within the Statute of Frauds."

We cannot say as a matter of law that the allegations of the amended complaint here fail to state a claim for which relief may be granted because of the Statute of Frauds.

The decision of the trial court in sustaining the motion of the defendant-appellee to dismiss the complaint of the plaintiff-appellant was erroneous. Therefore, said decision must be reversed and this case remanded to the trial court with instructions to overrule said motion to dismiss.

Reversed and remanded.

Hoffman, C. J., Staton and White, J. J., Concur.

NOTE—Reported in 273 N.E. 2d 767.