SALEM BANK AND TRUST COMPANY *v.* EDGAR D. WHITCOMB,
JAMES P. QUINN, THE OHIO CASUALTY INSURANCE
COMPANY AND MARYLAND CASUALTY COMPANY.

[No. 272A68. Filed March 29, 1974.]

*Virginia Dill McCarty,* of Indianapolis, *Joe N. Van Valer,* of Greenwood, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, *Thomas C. Mills,* Deputy Attorney General, for appellees Whitcomb and Quinn; *Hugh E. Reynolds, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee The Ohio Casualty Insurance Company; *John T. Rocap, Rocap, Rocap, Reese & Young,* of Indianapolis, for appellee Maryland Casualty Company.

GIVAN, J.—Appellant seeks transfer from a unanimous opinion of District One of the Court of Appeals. Appellant sought a determination as to whether the trial court properly granted defendant-appellees' motion to dismiss. The Court of Appeals properly held that as the trial court had before it interrogatories, the motion to dismiss should have been considered as a motion for summary judgment under IND. RULES OF PROC., Rule TR. 56.

In the trial court plaintiff-appellant filed what was denominated "Motion for Order Compelling Answers to Interrogatories," the seventh paragraph of which reads as follows:

"7. It is plaintiff's belief that defendants' answers to the plaintiff's interrogatories, particularly Nos. 6 through 17 of the Interrogatories to defendant Whitcomb and Interrogatories numbered 3 through 19 to defendant Quinn, will

clearly disclose that the duties at issue were ministerial rather than discretionary, and are therefore material to the argument on May 7, 1971."

This motion was granted and the interrogatories were filed prior to argument and ruling on the motion to dismiss. However, even if the appellant had not specifically called the court's attention to the interrogatories, they were, in fact, filed prior to the ruling on the motion to dismiss and, thus, had been submitted to the court.

In sustaining the motion to dismiss, the trial court made no statement as to whether or not the interrogatories were being considered. Thus, the Court of Appeals properly determined that the motion to dismiss was automatically converted to a motion for summary judgment under Rule TR. 12 (B) (8), and that the trial court erred in not following the procedures set out in Rule TR. 56.

Appellant argues that the Court of Appeals' opinion contravenes *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N. E. 2d 767, 27 Ind. Dec. 131, by holding that the trial court erred in ruling on the motion to dismiss as such when extraneous matters were before it.

Appellant takes the position that there is a holding in the *Gladis* case that a trial court need not consider extraneous matters before it when passing upon a motion to dismiss. An examination of the *Gladis* case and the transcript filed therewith does not support appellant in this contention. In the *Gladis* case Judge Sharp parenthetically observes:

"(This is not a situation under Trial Rule 56 where the trial court elected to treat the motion to dismiss as a motion for summary judgment. Therefore, our consideration must be limited to the allegations on the face of the complaint and the motion addressed thereto. In this context we are not permitted to examine into extraneous documents, including depositions, answers to interrogatories and other exhibits which are not a part of the complaint although we have been invited to do so by the parties.)" *Gladis* v. *Melloh, supra,* 273 N. E. 2d at 769, 27 Ind. Dec. at 133.

An examination of the transcript discloses that Judge Sharp was correct in his observation. Both sides in the *Gladis* case had addressed themselves to the motion to dismiss, strictly

confining themselves to the sufficiency of the language in the complaint. They had, in fact, alluded to statements contained in interrogatories, but only for the purpose of debating the sufficiencies on the face of the complaint.

We would also observe that Judge Sharp did not sustain the action of the trial court in sustaining the motion to dismiss, but, in fact, reversed the trial court on the ground that the complaint on its face did, in fact, state a cause of action. We, thus, see no conflict between the case at bar and the *Gladis* decision.

Appellant in its petition to transfer also argues that the issue as to whether the motion to dismiss should have been considered as a motion for summary judgment under Rule TR. 12(B)(8), was not raised in the Court of Appeals, and that the opinion of that court contravenes *Baker* v. *State* (1966), 248 Ind. 85, 221 N. E. 2d 432, 9 Ind. Dec. 433.

Appellant's motion to correct errors alleged that the trial court erred in sustaining each of the defendants' motions to dismiss. Thus, the motion to correct errors was sufficient to raise the issue decided by the Court of Appeals.

For the foregoing reasons, transfer in this case is denied.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 308 N. E. 2d 707.