ERMA SOLTES *v.* SCHOOL CITY OF EAST CHICAGO, A COMMUNITY SCHOOL AND MUNICIPAL CORPORATION; AND SALVADORE NUNEX, THAD J. KRAJEWSKI, ROBBIE HINTON, MATTHEW SIDOR, AND JOHN SUTY, AS MEMBERS OF THE BOARD OF TRUSTEES OF THE SCHOOL CITY OF EAST CHICAGO, INDIANA.

[No. 3-774A117. Filed April 7, 1976. Rehearing denied May 20, 1976. Transfer denied September 16, 1976.]

*Owen W. Crumpacker, Richard A. Miller, George E. Brown,* of Hammond, for appellant.

*Lester Murphy, Jr., Stephen W. Gard,* of East Chicago, for appellees.

GARRARD, J.—Appellant Soltes commenced an action against appellees (the school) alleging that she had been wrongfully discharged from her job as a bookkeeper and treasurer for extracurricular funds. The trial court dismissed the complaint for failure to state a claim and Soltes filed an amended complaint. This too was attacked by a motion pursuant to Indiana Rules of Procedure, Trial Rule 12(B) (6) for failure to state a claim. When the second motion to dismiss was sustained, Soltes petitioned the court for permission to file a second amended complaint. The trial court and the parties treated this petition and its denial as a motion to correct errors.

The motion to dismiss was considered and ruled upon before the school filed an answer. No supplementary materials were filed by any of the parties. The question presented is simply whether the complaint was sufficient to withstand the charge that it failed to state a claim upon which relief might be granted. This issue questions the proper construction, for pleading purposes, of the requirement of TR. 8(A) that to state a claim, the pleading must contain:

"(1) a short and plain statement of the claim showing that the pleader is entitled to relief."

Soltes' amended complaint alleged the following:

"Comes now the plaintiff and for cause of action, alleges and says:

(1) Erma Soltes is and at all times mentioned herein has been a resident of East Chicago, Lake County, Indiana. Defendant School City of East Chicago, Indiana, is a municipal community school corporation organized and existing under and by virtue of the laws of the State of Indiana charged with the ownership, operation and control of the common public school system in East Chicago, Indiana; the other defendants are each members of the Board of said School City's Trustees. In August of 1933, plaintiff became employed by the defendant School City of East Chicago as a bookkeeper. She worked continuous for said School City until Monday, January 6, 1969, at which time she was discharged by order of the defendant Board of Trustees of said School City.

(2) For approximately twenty years prior to January 6, 1969, plaintiff acted as the Treasurer of the Roosevelt High School, one of the public schools operated by the School City of East Chicago and under the administration of the defendant Board of School Trustees. As Treasurer of Roosevelt High School, plaintiff collected all school monies received by Roosevelt High School and paid out bills. She kept a set of books at the direction of and under the supervision of the Principal, Edward Baran.

(3) Plaintiff was appointed Treasurer for extra-curricula [sic] funds, pursuant to Burns' Statutes 28-6121. That further, pursuant to Burns' Statutes 28-6123, plaintiff posted a statutory bond covering her employment from June 6th, 1968, through and including June 6th, 1969, which bond was accepted by the defendants.

(4) On or about August 21, 1968, the defendants, in writing, requested plaintiff to resign. Plaintiff refused to resign. Thereafter and under date of October 17, 1968, defendants withdrew the request for a resignation and purported to assign plaintiff to a new and different job in the office of a Mr. Kincaid in the Administration Building.

(5) On the refusal of plaintiff to accept the transfer, defendants undertook to compel the plaintiff to resign by purporting to put her under indefinite suspension without compensation as of September 1, 1968, pending the resolution of a problem.

(6) Notwithstanding plaintiff's request for a meeting with the defendant Board of School Trustees, in the presence of the Principal, Edward Baran, no such hearing was held. On or about January 6, 1969, the defendants undertook, by resolution, to discharge plaintiff as an employee of the defendant School City of East Chicago, without waiting for the State Auditor's report.

(7) That plaintiff's appointment as Treasurer was for the school year as and pursuant to the applicable statutes previously mentioned herein.

(8) The discharge of plaintiff was wrongful and without cause in this that: No charges warranting discharge were ever made or presented by said Board of School Trustees; no hearing was ever held with reference to cause for discharge; and the discharge of plaintiff by the defendants was dictated and provoked by Edward Baran, Principal of Roosevelt High School, as the result of his misuse of school funds and his desire to blame plaintiff for the same.

(9) At the time of her discharge on January 6, 1969, plaintiff was earning $515.00 per month. Plaintiff has not

received her wages and/or salary, at the rate of $515.00 per month, since September 1st, 1968. As of the date hereof, defendants owe plaintiff $7,210.00 plus interest.

WHEREFORE, plaintiff prays judgment against the defendants in the sum of Fifty Thousand ($50,000.00) Dollars for wrongful discharge and breach of her employment agreement with the School City of East Chicago."

The striking feature of this complaint is its failure to expressly allege that in discharging Soltes, the school breached the terms of an express or implied contract.[1] Thus, the argument advanced by the school before the trial court and on appeal, is that the pleading merely alleges a contract for employment terminable at will, and as such is insufficient to sustain a claim.

Although we reject several of the suggested bases for liability advanced by Soltes, we conclude that the motion to dismiss was improperly granted.

We first note that Soltes alleged her continuous employment by the school for many years. If, however, the employment was merely at will, her prior years of service would not establish a limitation on the ability of the school to discharge her. *Pearson* v. *Youngstown Sheet & Tube Co.* (C.A. 7th 1964), 332 F.2d 439, *cert. den.* 379 U.S. 914; *accord, Shaw* v. *S.S. Kresge Co.* (1975), 167 Ind. App. 1, 328 N.E.2d 775.

Similarly, the provisions of IC 1971, 20-5-7-1, *et seq.*, providing for the appointment of a treasurer for every public school and providing for surety bonds for those appointed, do not prevent the school from employing a treasurer under a contract terminable at will.

Furthermore, although the complaint alleges that a third party wrongfully sought to secure Soltes' discharge, or interfere with her contractual relationship, such allegations do not state a claim against the school. *Kiyose* v. *Trustees of Indiana*

---

1. Although rhetorical paragraph (7) alleges appointment for the school year, its application is limited by its express dependency on IC 1971, 20-5-7-1, 3.

*University* (1975), 166 Ind. App. 34, 333 N.E.2d 886; *compare, Wade* v. *Culp* (1939), 107 Ind. App. 503, 23 N.E.2d 615, with *Pearson* v. *Youngstown Sheet and Tube Co., supra.*[2]

Thus, it appears that Soltes' complaint does not affirmatively disclose all the elements of a viable theory of liability. On the other hand, neither does it affirmatively disclose that under the terms of her employment contract, her services were terminable at will. As previously mentioned, that fact, if it be a fact, was not otherwise brought before the court. In other words, the allegations contained in the amended complaint do not preclude or negate proof of an express or implied contract for a term of employment or one terminable only upon certain conditions.

Early Indiana decisions under the 1970 Rules of Civil Procedure stressed that the defendant was entitled to notice of the nature or theory of the claim against him and sustained the grant of a TR. 12 (B) (6) dismissal where the complaint failed to aver the elements necessary to show the defendant and the court that if plaintiff proved what was pleaded, there would be a legal basis for recovery. *See, Cheathem* v. *City of Evansville* (1972), 151 Ind. App. 181, 278 N.E.2d 602, *U.S. cert. den.* 410 U.S. 966.

However, in *State* v. *Rankin* (1973), 260 Ind. 228, 230-1, 294 N.E.2d 604, 606, our Supreme Court considered the propriety of granting TR. 12 (B) (6) motions and stated:

"This Court has noted that in a typical 12 (B) (6) situation, a complaint is not subject to dismissal unless it *appears to a certainty* that the plaintiff would not be entitled to relief under *any set of facts*. *Sacks* v. *American Fletcher*

2. Soltes also argues that her second amended complaint, if filed, would state a claim in "prima facie tort." This doctrine, which has some recognition in New York, recognizes a claim for the infliction of intentional harm even though the act resulting in harm is otherwise lawful. *See, Ruza* v. *Ruza* (1955), 286 App. Div. 767, 145 N.Y.S.2d 808. Indiana rejects this concept. *See, e.g., Frampton* v. *Central Ind. Gas Co.* (1972), Ind. App., 287 N.E.2d 902, rev'd on other grounds, 260 Ind. 249, 297 N.E.2d 425; *Jones* v. *Lathrop-Moyer Co.* (1934), 99 Ind. App. 127, 190 N.E. 883; *Zeller* v. *Mesker* (1927), 85 Ind. App. 659, 155 N.E. 520.

*National Bank and Trust Co.* (1972), [258] Ind. [189], 279 N.E.2d 807. *See also Gladis* v. *Melloh* (1971), [149] Ind. App. [466], 273 N.E.2d 767; *Wyant* v. *Lobdell* (1972), [150] Ind. App. [675], 277 N.E.2d 595. The rules do *not* require that the complaint state all the elements of a cause of action. It must be remembered that our new rules are based on so-called notice pleadings in which a plaintiff essentially need only plead the operative facts involved in the litigation. Other means less drastic than dismissal of the action can be used to clarify the theory and basis for the cause of action. Among these are a Motion for a more definite statement under TR. 12 (E), ( our very broad discovery rules, and the pre-trial conference under TR. 16 (A) (1). We might note that certain cases from the Court of Appeals apparently state that the plaintiff is required to state in his complaint the theory upon which his claim is based. See, for instance, *Cheathem* v. *City of Evansville* (1972), [151] Ind. App. [181], 278 N.E.2d 602. Although a statement of the theory may be highly desirable, it is not required. *When no evidence has been heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted."* (Partially original emphasis and partially our emphasis.)

Subsequent decisions have followed *Rankin* and have found the statement of a claim sufficient despite the absence of an allegation on a necessary element to be proved at trial, so long as it did not appear from the complaint, itself, that plaintiff was precluded from recovery. *See, Pitts* v. *Mills* (1975), 165 Ind. App. 646, 333 N.E.2d 897; *Citizens Nat'l Bank, Grant Co.* v. *First Nat'l Bank in Marion* (1975), 165 Ind. App. 116, 331 N.E.2d 471; *Gentry* v. *United S.T. & C.R. etc.* (1974), 162 Ind. App. 246, 319 N.E.2d 159.

We believe that *Rankin* controls in the case before us. Soltes' complaint was not properly subject to dismissal at this stage of the proceedings since it does not appear from the complaint that she could prove no facts which would entitled her to relief.[3]

---

3. *Compare, Pearson* v. *Youngstown Sheet & Tube Co., supra,* where the court had the benefit of answered interrogatories in assessing the validity of the claim.

The order dismissing the amended complaint is therefore reversed and the case is remanded for further proceedings.

Staton, P.J., concurs in result; Hoffman, J., concurs.

NOTE.—Reported at 344 N.E.2d 865.