LOUIS SILVERMAN AND SHIRLEY SILVERMAN, D/B/A TOWN & CASTLE CLEANERS *v.* CITY OF FORT WAYNE.

[No. 3-1074A180. Filed December 7, 1976.]

*Ronald Frybarger, Edward E. Beck,* of Fort Wayne, for appellants.

*David B. Keller, David E. Travelstead, William N. Salin, Warren B. Rosenblatt, Leonard E. Eilbacher, William Briggs,* of Fort Wayne, for appellee.

STATON, P.J.—Louis and Shirley Silverman (Silverman) sued the City of Fort Wayne (City) for damages caused by a riot; Silverman alleged that City promised police protection, that City provided for a brief time the promised protection, that City then withdrew such protection, and that as a direct result of the withdrawal of protection Silverman's property was damaged. The trial court dismissed Silverman's action under Indiana Trial Rule 12(B)(6), failure to state a claim under which relief may be granted. On appeal, Silverman asserts that the dismissal was error. We agree; the judgment is reversed and the cause remanded.

## I.
### Trial Rule 12(B)(6)

In interpreting the propriety of granting a motion under TR. 12(B)(6) courts have held that a motion to dismiss for failure to state a claim should only be granted when it is clear from the face of the complaint that no facts are alleged which would under any circumstances permit recovery. *State* v. *Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604; *Jacob Weinberg News Agency, Inc.* v. *City of Marion* (1975), 163 Ind. App. 181, 322 N.E.2d 730; *Citzens Nat. Bk., Grant Cty.* v. *First Nat. Bk., Marion* (1975), 165 Ind. App. 116, 331 N.E.2d 471; *Kiyose* v. *Trustees of Indiana University* (1975), 166 Ind. App. 34, 333 N.E.2d 886.

This Court has enunciated in agreement that:

> "Subsequent decisions have followed *Rankin* and have found the statement of a claim sufficient despite the absence of an allegation on a necessary element to be proved at trial, so long as it did not appear from the complaint, itself, that plaintiff was precluded from recovery." [Citations omitted.] *Soltes* v. *School City of East Chicago* (1976), 168 Ind. App. 637, 344 N.E.2d 865, 868.

## II.
### Special Duty

City alleges that (1) no special duty was extant between the City and Silverman, and (2) therefore there exists no circumstances under which recovery would be proper. We do not determine here whether a showing of more than a general duty would have been necessary. However, we do note that the difference between a general and a special duty is a factual determination. On the face of the pleading such determination cannot be made.

*Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 469, 273 N.E. 2d 767, 769, established that "[t]he test is whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims." Since Silver-

man alleged in his complaint that a personal promise issued from certain officials of the City, the possibility exists that a special duty was in fact present. However, we need not make that determination on this appeal. The trial court erred in granting the motion to dismiss. We reverse.

Garrard, J., concurs in result; Hoffman, J., dissents with opinion.

## DISSENTING OPINION

HOFFMAN, J.—I dissent to the majority opinion. Indiana Rules of Procedure, Trial Rule 12(B)(6), allows for the dismissal of a cause for failure to state a claim upon which relief can be granted. In the case at bar the complaint alleges merely a failure of the City of Fort Wayne to fulfill a promise for police protection of property during a riot. Under no circumstances could such promise and duty of fulfillment become more than a general obligation of the government to its citizenry. *Campbell; Knotts* v. *State* (1972), 259 Ind. 55, 284 N.E.2d 733. Therefore a legal theory of special duty is nonexistent under the pleadings. *Roberts* v. *State* (1974), 159 Ind. App. 456, 307 N.E.2d 501 (transfer denied).

While the propriety of a motion to dismiss is the salient issue here, we ought not discount the fact that inherent in the right to exercise police power is the right to determine the strategy and tactics for its deployment. The sovereign authorities should be left free to exercise their discretion during a riot situation without worry over general allegations of negligence. *Wong* v. *City of Miami* (Fla. 1970), 237 So. 2d 132.

There are no facts available in the pleadings upon which to establish a claim. Moreover under no theory could one be raised. *Indiana Suburban Sewers, Inc.* v. *Hanson* (1975), 166 Ind. App. 165, 334 N.E.2d 720 (transfer denied).

I would affirm the judgment of the trial court.

NOTE.—Reported at 357 N.E.2d 285.