ESTATE OF GEORGE N. TANASIJEVICH, DECEASED, BY RUDOLPH TANASIJEVICH, ADMINISTRATOR *v.* THE CITY OF HAMMOND, INDIANA, A MUNICIPAL CORPORATION.

[No. 3-1077A272. Filed December 28, 1978.]

*Rudolph Tanasijevich,* of Hammond, for appellant.

*C. Jerome Smith, Smith, Granack & Funk,* of Hammond, for appellee.

STATON, J. — Administrator Rudolph Tanasijevich filed suit for and in behalf of the estate of George N. Tanasijevich to recover damages which resulted from fire and vandalism to a building owned by the estate. Tanasijevich's complaint alleged that the vandalism and fire which damaged the building was the retaliation of gangs and vandals for his cooperation with the Hammond Police in their investigation of criminal activities, that the police knew or should have known that Tanasijevich's collaboration with them was likely to result in criminal retaliation against him, and that the police breached their consequent duty to protect him by failing to act to prevent this likelihood.

The trial court granted defendant Hammond's motion for summary judgment. Tanasijevich appeals from that decision and raises two contentions of error:

(1)  The trial court erred in granting the City of Hammond's motion for summary judgment because the complaint and affidavit

in opposition to the motion revealed the City breached a special duty to provide protection to the Tanasijevich property.

(2) If summary judgment was proper, the trial court erred in denying Tanasijevich's subsequent motion to amend his complaint.

We reverse the trial court on the basis that summary judgment was erroneous and remand this cause to the trial court.[1]

## I.

### Summary Judgment

The City of Hammond's summary judgment motion granted by the trial court was originally filed as a motion for judgment on the pleadings. Hammond then moved the court to treat that motion for judgment on the pleadings, apparently predicated on Ind. Rules of Procedure, Trial Rule 12(B)(6), as one for summary judgment under Ind. Rules of Procedure, Trial Rule 56. Both TR. 12 (B)(8) and TR. 12(C) provide that when matters outside the pleadings are submitted in support of a TR. 12 motion for judgment on the pleadings, the motion "shall be treated" as a TR. 56 motion for summary judgment, with or without a motion by a party to that effect. In other words, the TR. 12 motion which is supported by matters outside the pleadings is automatically converted into a motion for summary judgment. *See, e.g., Salem Bank and Trust Company v. Whitcomb* (1974), 261 Ind. 614, 308 N.E.2d 707.

Here, despite the City of Hammond's unneccessary motion to treat its TR. 12 motion for judgment on the pleadings as one for summary judgment, the City then ironically failed to present any matters from outside the pleadings in support of its motion. Hammond instead rested solely on its answer to support its claim to summary judgment. Tanasijevich, however, did file an affidavit in opposition to the motion for summary judgment. The affidavit of Tanasijevich, together with the complaint and answer, constitute the record from which the trial court

---

1. Because we find the trial court's entry of summary judgment erroneous, we do not address Tanasijevich's contentions regarding his motion to amend his complaint. That issue will not arise on remand.

determined that the City of Hammond was entitled to summary judgment.

This determination of the trial court was correct only if the pleadings and affidavit which were before it revealed that there was no genuine issue as to any material fact and that the moving party, the City of Hammond, was entitled to judgment as a matter of law. TR. 56(C). Facts alleged in the complaint must be taken as true except to the extent they are negated by depositions, answers to interrogatories, affidavits, and admissions on file, or by testimony presented at a hearing on a motion for summary judgment. *Papp v. City of Hammond* (1967), 248 Ind. 637, 644, 230 N.E.2d 326, 331. In this respect, the City of Hammond's failure to support its motion for summary judgment with matters outside the pleadings renders its motion functionally equivalent to a motion for judgment on the pleadings. *Jenkins v. Hatcher* (1975), 163 Ind.App. 95, 322 N.E.2d 117, 119.

For purposes of examining the propriety of the trial court's entry of summary judgment in favor of the City of Hammond, Tanasijevich's complaint and affidavit establish the following uncontroverted facts. Prior to October 12, 1970, the Hammond Police requested Tanasijevich to cooperate with them in a police investigation by permitting them to enter a building owned by the estate of George N. Tanasijevich and search for evidence of criminal activity. Tanasijevich's cooperation with the Hammond Police resulted in criminal retaliation against him manifested by the vandalism and fire of October 12, 1970, which damaged the estate-owned building. According to Tanasijevich, the police knew or should have known of the likelihood of criminal retaliation against him by gangs and vandals residing in the vicinity of the building and failed to act to prevent the subsequent damage which occurred.

For our purposes here, these facts must be taken as true by virtue of the failure of the City of Hammond to support its motion for summary judgment. We now examine whether these undisputed facts entitle the city of Hammond to judgment as a matter of law.

## II.

### Special Duty

It is Tanasijevich's contention that because the police knew or should

have known that criminal retaliation against him was likely to result from his cooperation with the police, the Hammond police had a special duty to protect him from this likelihood. Without question the police owed Tanasijevich a duty to prevent the criminal acts which he alleges damaged the estate-owned building. However, this duty is a *general* duty which the police owe to all members of the public under the statutory definition of police duties. IC 1971, 18-1-11-7, Ind.Ann.Stat. § 48-6110 (Burns Code Ed.). A breach of this general duty by the police does not impose liability upon the employing government unit for damages which particular individuals suffer as a result of the breach. *Campbell v. State* (1972), 259 Ind. 55, 63, 284 N.E.2d 733, 737; *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 391, 272 N.E.2d 871, 874.

The precise question before us is whether a *special* duty was owed to Tanasijevich by the Hammond Police. Only when a *special* duty is owed to an individual by the police will the employing governmental unit be held liable for damages to that individual which flow from the breach of duty. *Id.* To be a *special* duty, a duty must be particularized as to an individual. *Id.* In particular circumstances a governmental unit or its subservient police force can, by its conduct, narrow an obligation which it owes to the general public into a *special* duty to an individual. *Massengill v. Yuma County* (1969), 104 Ariz. 518, 456 P.2d 376, 381.[2]

In *Simpson's Food Fair, Inc. v. City of Evansville, supra,* Judge Sullivan acknowledged one example in the case law wherein a special duty arose to an individual based on the nature of the relationship between the police and the citizen. *Schuster v. City of New York* (1958), 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534. That case involved factual circumstances similar to the case-at-bar. The decedent Schuster, a young man who had studied the infamous Willie Sutton's picture on an F.B.I. flyer posted in his father's drugstore which requested information regarding Sutton's whereabouts, supplied New York City police

---

2. For a discussion of governmental liability for the failure to provide police protection and the general-special duty distinction, see Annot., 46 A.L.R.3d 1084 (1972), and cases collected therein.

with information which led to Sutton's capture. Schuster's role in Sutton's apprehension was widely publicized; three weeks later young Schuster was shot and killed near his home. Suit was filed in behalf of Schuster's estate based on the allegation that the City of New York had breached its duty to guard Schuster against such consequences. The New York Court of Appeals upheld the Schuster estate's right to sue, stating:

> "In our view the public (acting in this instance through the City of New York) owes a special duty to use reasonable care for the protection of persons who have collaborated with it in the arrest or prosecution of criminals, once it reasonably appears that they are in danger due to their collaboration. If it were otherwise, it might well become difficult to convince the citizen to aid and cooperate [*sic*] with the law enforcement officers. . . ."

*Id.* at 537. In similar factual circumstances, our sister state of Illinois has also recognized that a special duty to protect private citizens from criminal retaliation may arise as a result of their collaboration with the police. *Gardner v. Village of Chicago Ridge* (1966), 71 Ill.App.2d 373, 219 N.E.2d 147, *later app.*, 128 Ill.App.2d 157, 262 N.E.2d 829 (1970), *cert den.*, 403 U.S. 919 (1971) (failure to protect a witness summoned to make an identification of a suspect whom the police knew had a violent temper and was capable of physical violence).

We likewise hold that subsequent to a citizen's collaboration with police in the investigation of criminal activities, a *special* duty to protect that individual from criminal retaliation may arise if that danger appears reasonably likely to occur. In these circumstances, the *general* duty which the police owe to all citizens by virtue of IC 1971, 18-1-11-7, *supra* becomes particularized to the citizen who, in the interests of the general welfare, has placed individual or family well-being in jeopardy. Liability for damages which flow from a breach of this *special* duty, whether by police malfeasance or nonfeasance, is imposed upon the employing governmental unit on the basis of *respondeat superior. Brinkman v. City of Indianapolis* (1967), 141 Ind.App. 662, 668, 231 N.E.2d 169, 173. The present-day unwillingness of citizens to "get involved" in the machinations of law enforcement stems in part from their fear of reprisals similar to that which Tanasijevich has alleged here. Were we to hold as a matter of law that

the police had no duty to protect Tanasijevich regardless of the likelihood that he or his family would suffer some injury in retaliation for his cooperation in the criminal investigation, we would only reinforce the public's reluctance to assist in the sometimes dangerous business of law enforcement.

We emphasize that the question of whether a *special* duty arises to protect a citizen in circumstances similar to those present here is a question of fact. *Silverman v. City of Fort Wayne* (1976), 171 Ind.App. 415, 357 N.E.2d 285, 286. We here reject the City of Hammond's contention that the holding in *Schuster v. City of New York, supra,* is inapplicable to the instant case because *Schuster* involved the notorious and dangerous Willie Sutton. The question of whether a *special* duty arises does not turn on the nature of the criminal under investigation, but rather on whether it reasonably appears the citizen is in danger due to his collaboration with police. We note that this *special* duty will not arise merely because an individual requests police protection subsequent to his or her cooperation in a police investigation. *Simpson's Food Fair, Inc. v. City of Evansville, supra* at 874.

The pleadings and affidavit of Tanasijevich upon which the trial court granted the City of Hammond's motion for summary judgment do not in any way dispel Tanasijevich's factual allegation that the Hammond Police Department "knew or should have known" that criminal retaliation was likely to result from his role in the criminal investigation conducted by the department. This uncontroverted fact made summary judgment inappropriate here. We reverse the trial court's entry of summary judgment and remand this cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Garrard, P.J., concurs in result with opinion in which

Hoffman, J., joins.

## OPINION CONCURRING IN RESULT

GARRARD, P.J. — I concur in the result reached in this case for much the same reason I concurred in the result in *Silverman v. City of Fort Wayne*

(1976), 171 Ind.App. 415, 357 N.E.2d 285. On the record before it, the court's action was premature.

In *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604 our Supreme Court established the Indiana standard for determining whether it is proper to grant a TR. 12(B)(6) motion for failure to state a claim. Upon the theory of the role of notice pleading the court held that dismissal at that stage is inappropriate unless it affirmatively appears that plaintiff would not be entitled to relief under any state of facts.

The pleadings here do not clearly negate the existence of a special duty owed to an individual. Even when pursuant to the rule the motion is treated as one for summary judgment, the answer is the same. The only matter presented in addition to the pleadings was plaintiff's affidavit, and it did not *negate* the existence of a special duty. Accordingly, under the requirement of TR. 56 it cannot be said that the city has established its right to judgment as a matter of law.

However, at this point I diverge from Judge Staton. *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871 and the other cited authorities recognize that where a special or private duty exists a governmental unit may be liable in damages. While I agree with that statement of the law, I am not certain that such duty arises if the police "should have known" retaliation was likely. Moreover, I doubt the statement as made meets the requirements of TR. 56(E). *See Smith v. Young* (1974), 160 Ind.App. 83, 310 N.E.2d 84.

Therefore, I concur in result.

NOTE—Reported at 383 N.E.2d 1081.