

**FILED**

May 29 2018, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John A. Kraft
Young, Lind, Endres & Kraft
New Albany, Indiana

ATTORNEY FOR APPELLEES

Matthew J. McGovern
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wayne and Donna Kirchgessner,

*Appellants-Plaintiffs,*

v.

Betty Kirchgessner, Albert
Kirchgessner, Norbert
Kirchgessner, Marcella
Kirchgessner, Stephen
Kirchgessner, Mary Ann Lee,
Fred Kirchgessner, Mary Ann
Emil Kirchgessner Junior, Mary
Kirchgessner, Edward
Kirchgessner, Ted Graf,
Marcella Graf, James Fessel,
Mildred Fessel, Martha Rhodes,
Everett Rhodes, Mary
Kirchgessner, Clifford
Kirchgessner, Julia Bowe,
Norbert Renn, Adelaide Renn,
Board of Commissioners, Clark
County, Indiana, and the
Commissioners Paul Garrett,

May 29, 2018

Court of Appeals Case No.
10A01-1710-CP-2309

Appeal from the Clark Circuit
Court

The Honorable Richard Striegel,
Special Judge

Trial Court Cause No.
10C01-8906-CP-214

Larry Coates, Larry Dean in
their official capacities,

*Appellees-Defendants*

**Vaidik, Chief Judge.**

# Case Summary

Indiana Rule of Trial Procedure 60(B)(7) allows a court to grant relief from a judgment if (1) "the judgment has been satisfied, released, or discharged," (2) "a prior judgment upon which it is based has been reversed or otherwise vacated," or (3) "it is no longer equitable that the judgment should have prospective application." Rule 60(B) provides that a motion for such relief "shall be filed within a reasonable time." In this case, the trial court granted relief under the third clause of Rule 60(B)(7)—the "no longer equitable" provision—and the appealing parties argue that the motion was not filed within a reasonable time. We have said that what constitutes a "reasonable time" under Rule 60(B) depends on the specific circumstances of each case. Here, the motion was filed more than twenty-five years after the judgment was entered. That is a long time. But under the unique circumstances of this case, it was not an unreasonable time. We therefore affirm the decision of the trial court.

# Facts and Procedural History

[2] In 1949, Anthony, Emil, and Fred Kirchgessner acquired a large tract of land in western Clark County. The land is situated north of St. John Road, and members of the Kirchgessner family have accessed the land using Kruer Road, which runs north from St. John Road. The large tract was gradually broken up, and Wayne and Donna Kirchgessner purchased a forty-acre parcel from Anthony Kirchgessner's estate in June 1984.

[3] Just over a year later, Wayne and Donna filed a lawsuit against the owners of nearby parcels, including numerous other Kirchgessners, and the Clark County Board of Commissioners. Regarding the non-government defendants, Wayne and Donna alleged that their parcel was "landlocked," that Kruer Road was "the only way of ingress and egress," and that defendants Albert and Betty Kirchgessner "have harrassed [sic] and physically prevented use of Kruer Road and have denied Plaintiffs access to their property[.]" Appellants' App. Vol. II p. 16. They asked the court to "[q]uiet title to the easement claimed by Plaintiffs known as Kruer Road" and sought damages related to the alleged blocking of the road. *Id.* at 17-18. As to the county commissioners, Wayne and Donna claimed that Kruer Road "has been maintained as a Clark County road since at least 1967," that before they bought their parcel one of the commissioners "represented" to Wayne "that Kruer Road was a County road and would be maintained as such," that Wayne "relied upon said representation at the time he purchased his property in 1984," and that the county "has since failed to maintain said road to the detriment of Plaintiffs and

as a result thereof Plaintiff[s'] property value has decreased." *Id*. at 16. Wayne and Donna asked the court to "[d]eclare the roadway known as Kruer Road[] a County Road and order the Clark County Board of Commissioners to resume the maintenance of Kruer Road as a County Road for the benefit of Plaintiffs and Defendants." *Id*. at 18.

[4]    What happened with the case over the next four years is unclear from the record, but in September 1989, Wayne and Donna filed an amended complaint.[1] Their allegations with regard to the non-government defendants remained largely the same, but they added further detail to their claim that Kruer Road was a "county road." *Id*. at 24, 26.

[5]    In an answer to the amended complaint, a group of the non-government defendants, including Albert and Betty Kirchgessner, explained that they were not opposed to having their property crossed by Wayne and Donna but that there was a dispute regarding the appropriate path of the crossing. The same defendants later entered into a Stipulation of Facts with Wayne and Donna, which in turn was attached to a motion for summary judgment that Wayne and Donna filed in April 1990. The parties stipulated that Kruer Road was a "Clark County road" and that, even if it were not, it "may be used by Wayne and Donna Kirchgessner [and] their heirs, successors and assigns to gain access to their property[.]" *Id*. at 35, 36. The stipulation also included provisions

---

[1] Also in 1989, the original 1985 case number (85-S1-90) was replaced with the current 1989 case number (10C01-8906-CP-214).

addressing how future obstructions of and improvements to the road would be handled. In light of the stipulation by the non-government defendants, Wayne and Donna's memorandum in support of their motion for summary judgment was directed entirely at the government defendants, focusing on the claim that Kruer Road was a county road.

[6] In their response to Wayne and Donna's motion, the government defendants disputed that Kruer Road was an official "county road," a designation that they said only the county itself could make, and one that would impose heightened maintenance burdens and legal liabilities on the county. *Id*. at 55-63. However, they acknowledged a history of county maintenance of the road, and they indicated that they would have no objection to the court declaring the road a "public highway by use" and ordering them to perform limited maintenance on the road (laying gravel "from time to time"). *Id*. at 61-63. The government defendants described this as "[a]n ideal resolution of the family dilemma that brought this matter to court[.]" *Id*. at 62-63.

[7] On October 1, 1990, the trial court issued its order on Wayne and Donna's motion ("1990 Entry"). The court declared the road a "public highway by use" and "approve[d] the agreement of the governmental defendants" to maintain the road as proposed. *Id*. at 67. The court added that "[t]he previously tendered Stipulation between the plaintiffs and the non-governmental defendants is hereby ordered withdrawn[.]" *Id*. at 68. The court concluded, "That Judgment is now hereby entered in favor of plaintiffs in accord with the

terms hereof. Further, upon plaintiffs' motion, the remainder of this entire action is hereby ordered dismissed with prejudice." *Id*.

[8] Fast forward twenty-two years. In late 2012, the county paved a new Kruer Road adjacent to the original road. Three years later, in December 2015, Richard and Theresa Williams filed a Motion to Vacate Summary Judgment Entry of October 1, 1990.[2] They claimed that the original Kruer Road runs through their property, that "the newly paved Kruer Road is the primary access road over which vehicles regularly travel and it replaced the former 'roadway,'" and that "the need for any commissioner involvement on the former 'roadway' from 1990 is no longer in existence." *Id*. at 70-71. They argued that "[t]here is no legal reason to continue the existence of the 'roadway' and to, by extension, continue this burden or cloud on the title of the real estate owned by your movants" and that if the 1990 Entry is vacated the county commissioners "will no longer be exposed to any risk of liability in an old roadway that has been replaced by the newly paved Kruer Road." *Id*. at 71-72.

[9] Wayne and Donna filed an opposition to the motion, and the trial court held a hearing. The parties treated the motion as one for relief from judgment under Indiana Trial Rule 60(B). Wayne testified, and when asked why he didn't want the original Kruer Road to be vacated, he said, "I've been using it for forty-three

---

[2] The Williamses were not parties to the original litigation, but Theresa's mother, Mary Kirchgessner, was. Mary joined in the motion to vacate, but she died while it was pending. In Wayne and Donna's response to the motion, they challenged the Williamses' "standing" to pursue the motion, *see* Appellants' App. Vol. II p. 141, but they don't raise any such argument on appeal.

(43) years, that my grandpa built, so I'm going to continue to use that road until somebody tells me I can't or stops me from using it." Tr. p. 143.

[10] After the hearing, the trial court issued an order granting the Williamses' motion. The court cited Rule 60(B)(7), which allows for relief from judgment if (1) "the judgment has been satisfied, released, or discharged," (2) "a prior judgment upon which it is based has been reversed or otherwise vacated," or (3) "it is no longer equitable that the judgment should have prospective application." Specifically, the court relied on the third clause—the "no longer equitable" provision:

> Given that the Commissioners have eliminated (by building [the new Kruer Road]) the 1990-based need for a court-created roadway, the exigencies for the 1990 temporary roadway have been eliminated. The court, given all the circumstances and risks involved, concludes that it is necessary to vacate the roadway portion of the 1990 Entry and that the same should no longer have prospective effect. T.R. 60(B)(7)[.]

Appellants' App. Vol. II p. 180.[3] The court said that Wayne and Donna could no longer "enter upon" the original Kruer Road and that the Williamses are free to "close off all access" to it. *Id.* at 182.

---

[3] The trial court also found that the Williamses had satisfied Rule 60(B)(8), which provides for relief from judgment for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Wayne and Donna challenge that conclusion on appeal, but because we affirm the trial court's conclusion that relief is appropriate under Rule 60(B)(7), we need not address 60(B)(8).

[11] Wayne and Donna now appeal.[4]

# Discussion and Decision

[12] Wayne and Donna launch several attacks on the trial court's decision, but the only one that requires detailed discussion is their argument that the Williamses' Rule 60(B) motion was untimely. The rule includes eight sub-paragraphs that set forth different grounds for granting relief from judgment. Ind. Trial Rule 60(B). A motion under sub-paragraph (1), (2), (3), or (4) must be filed "not more than one year after the judgment, order or proceeding was entered or taken," while a motion under sub-paragraph (5), (6), (7), or (8) "shall be filed within a reasonable time." *Id.* In this case, the trial court granted relief because it found—under the third clause of sub-paragraph (7)—that it would no longer be equitable for the 1990 Entry to have prospective application. As such, the question is whether the motion was filed "within a reasonable time." The determination of what constitutes a "reasonable time" for purposes of Rule 60(B) is a matter within the trial court's discretion. *Jordan v. State*, 549 N.E.2d 382, 384 (Ind. Ct. App. 1990), *reh'g denied*, *trans. denied*. Therefore, we will reverse only for an abuse of that discretion.

---

[4] In 1998, several people executed a "Grant of Easements" purporting to give Wayne and Donna an easement over Kruer Road. *See* Appellants' App. Vol. II pp. 166-71. In its order granting relief from judgment, the trial court found any claim to a private "easement" based on that document to be "void and of no legal effect" given the conflict with the 1990 declaration that the road is a "public highway by use." *Id.* at 177-78. Wayne and Donna do not challenge that part of the trial court's order.

[13]    Determining whether a motion under Rule 60(B) was filed within a reasonable time "depends on the circumstances of each case, as well as the potential prejudice to the party opposing the motion and the basis for the moving party's delay." *Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), *trans. denied*. Here, Wayne and Donna focus on the fact that the Williamses filed their motion twenty-five years after judgment was entered. "Inherently," they say, "asking for relief from a judgment after twenty-five years is not within a reasonable period of time." Appellants' Br. p. 15.

[14]    But the fact that judgment was entered more than twenty-five years ago must be balanced against the fact that the change giving rise to the motion—the construction of the new Kruer Road—did not occur until late 2012. Wayne and Donna make no argument that the Williamses contributed to the delay in the construction of the new road, that they could have done something to get the road built sooner, or that they should have filed their motion sooner than they did. Furthermore, Wayne and Donna offer no response to the following explanation by the Williamses for the three-year delay between the construction of the new road and the filing of the motion in December 2015:

> In the three year period between [the opening of the new Kruer Road] and the motion for relief from the 1990 order, [the Williamses] diligently conducted title searches to ascertain all persons who would be affected by the vacation of "Old Kruer Road." They then obtained consent forms from each of these property owners. [The Williamses] also obtained a consent from Clark County. Significantly, [the Williamses] obtained this consent on October 22, 2015. [The Williamses] filed their motion for relief from the judgment **less than six weeks later**.

Appellees' Br. p. 26 (citations omitted). Wayne and Donna do not deny that the Williamses did all those things, nor do they argue that it should have taken the Williamses less than three years to do them, nor do they otherwise assert that three years was an unreasonable amount of time. In fact, in addressing the timeliness of the motion, Wayne and Donna don't even **mention** the new Kruer Road, let alone the fact that it was built twenty-two years after the judgment.[5]

[15] There is no question that twenty-five years is a long time. However, that does not necessarily mean it was an unreasonable time. Again, determining the timeliness of a motion under Rule 60(B)(7) requires consideration of the specific circumstances of the case, *see Parham*, 855 N.E.2d at 728, and we afford our trial courts discretion in making such determinations, *Jordan*, 549 N.E.2d at 384. In this unique case—where the county didn't build the new road until twenty-two years after the original judgment, and where the Williamses could not have filed a viable 60(B) motion before the new road opened—we cannot say that the trial court abused that discretion by finding the motion to be timely.

[16] Wayne and Donna argue that even if the Williamses' motion was timely, the "no longer equitable" clause of Rule 60(B)(7) is not applicable in this case. They acknowledge that the construction of the new Kruer Road constituted a change in circumstances but argue that it was reasonably foreseeable when judgment was entered in 1990 and therefore should not be the basis for the

---

[5] The availability of the new Kruer Road is also fatal to Wayne and Donna's claim that they will be "severe[ly]" prejudiced by the closing of the original road. *See* Appellants' Br. p. 16.

equitable relief contemplated by the third clause of 60(B)(7). Appellants' Reply Br. p. 10 (citing *State v. Martinsville Dev. Co.*, 366 N.E.2d 681, 684 (Ind. Ct. App. 1977)). We tend to agree with the trial court's assessment that it would be inequitable, given the availability of the new Kruer Road, to require the Williamses and the county to continue bearing the burdens and risks associated with the original road. In any event, Wayne and Donna didn't make their "reasonably foreseeable" argument—in fact, they didn't mention the third clause of Rule 60(B)(7) at all—until their reply brief, leaving the Williamses no chance to respond. "[A]n argument raised for the first time in a reply brief is waived." *U.S. Gypsum, Inc. v. Ind. Gas Co.*, 735 N.E.2d 790, 797 n.5 (Ind. 2000).

[17] The remainder of Wayne and Donna's arguments can also be easily disposed of. They say that the 1990 Entry was an "agreed judgment" and argue that Rule 60(B) relief is not available for agreed judgments. The Williamses assert that Wayne and Donna did not make this claim in the trial court, thereby waiving it for purposes of appeal. Wayne and Donna do not dispute this in their reply brief. As such, we hold that the issue is waived. *See Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) ("Issues not raised at the trial court are waived on appeal.").

[18] Wayne and Donna also note that the trial court characterized the 1990 Entry as an interlocutory order, and they cite our holding in *Mitchell v. 10th and The Bypass, LLC* that Rule 60(B) does not authorize a motion for relief from an interlocutory order. 973 N.E.2d 606, 612 (Ind. Ct. App. 2012). What they fail to recognize is that our Supreme Court granted transfer in *Mitchell* and reached

the opposite conclusion. *Mitchell v. 10th and The Bypass, LLC*, 3 N.E.3d 967, 974 (Ind. 2014) ("LLC is not precluded from seeking Trial Rule 60(B) relief from the trial court's January 2010 order on grounds that the order was not a final judgment.").

[19]    Finally, Wayne and Donna contend that the trial court placed the burden of proof on them instead of on the Williamses. They cite the court's conclusion that "Wayne and Donna have not put forth any evidence, or *prima facie* claim, to establish a meaningful, legal or equitable reason why the [Motion to Vacate] should not be granted." Appellants' App. Vol. II p. 181. But nothing in the rest of the court's order, or elsewhere in the record, suggests that this statement was anything more than an observation that Wayne and Donna failed to rebut the Williamses' showing that the 1990 Entry has become inequitable.

[20]    Because the trial court acted within its discretion in finding the Williamses' Rule 60(B) motion to be timely, and because Wayne and Donna have not demonstrated any other error, we affirm the trial court's grant of the motion.

[21]    Affirmed.

Barnes, J., and Pyle, J., concur.