FILED

Mar 06 2019, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

James P. Buchholz
Dana K. Carlson
TOURKOW, CRELL, ROSENBLATT &
JOHNSTON, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Robert E. Duff
INDIANA CONSUMER LAW GROUP
THE LAW OFFICE OF ROBERT E. DUFF
Fishers, Indiana

Ryan R. Frasher
THE FRASHER LAW FIRM, P.C.
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gasbi, LLC d/b/a Michiana
Chrysler Dodge Jeep Ram Fiat,

*Appellant-Defendant,*

v.

Tatiyana Sanders, et al.,

*Appellees-Plaintiffs.*

March 6, 2019

Court of Appeals Case No.
18A-PL-1865

Appeal from the St. Joseph Circuit
Court

The Honorable John E. Broden,
Judge

Trial Court Cause No.
71C01-1705-PL-189

**Bailey, Judge.**

# Case Summary

In this interlocutory appeal, Gasbi, LLC d/b/a Michiana Chrysler Jeep Dodge Ram Fiat ("Michiana") challenges an order denying Michiana's motion to dismiss a class action complaint alleging deceptive acts,[1] brought by Tatiyana Sanders ("Sanders"), Shalonda Vida ("Vida"), and Robert Sheppard ("Sheppard"), on behalf of themselves and others similarly situated (hereinafter, "Consumers"). Michiana presents the restated and consolidated issue of whether Michiana was entitled to dismissal pursuant to Indiana Trial Rule 12(B)(6) because Consumers failed to state a claim that Michiana committed a deceptive act within the meaning of the Indiana Deceptive Consumer Sales Act, Indiana Code Section 24-5-0.5-1 et seq. (the "Consumer Act"). We affirm.

# Facts and Procedural History

On July 14, 2017, Consumers filed their First Amended Class Action Complaint, seeking relief under the Act and alleging the following. On April 25, 2016, Vida purchased a vehicle from Michiana, a for-profit Indiana corporation located in Mishawaka. On August 12, 2016, Sheppard purchased a vehicle from Michiana. On January 28, 2017, Sanders purchased a vehicle from Michiana. In each instance, the consumer was charged a document

---

[1] *See* Indiana Trial Rule 23. *See also* Indiana Code § 24-5-0.5-4(b), stating: "Any person who is entitled to bring an action under subsection (a) on the person's own behalf against a supplier for damages for a deceptive act may bring a class action against such supplier on behalf of any class of persons of which that person is a member and which has been damaged by such deceptive act."

preparation fee ("Doc Fee") that had not been "affirmatively disclosed" and "was not negotiated." (App. Vol. II, pg. 10.) The amount of the Doc Fee exceeded actual expenses incurred for preparation of the documents. The Complaint further alleged that all persons purchasing a vehicle from Michiana in the prior two years had been charged a Doc Fee.

[3] The Complaint alleged that Michiana's charging of Doc Fees was an "unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction." I. C. § 24-5-0.5-3(a). Although Consumers alleged a violation of the Consumer Act, the Complaint described the alleged unfair practice by quoting a statutory provision from the Indiana Motor Vehicle Dealer Services Act, Indiana Code Section 9-32-13-7. That statute, which may be enforced by the Indiana Secretary of State, provides:

> It is an unfair practice for a dealer to require a purchaser of a motor vehicle as a condition of the sale and delivery of the motor vehicle to pay a document preparation fee, unless the fee:
>
> (1) reflects expenses actually incurred for the preparation of documents;
>
> (2) was affirmatively disclosed by the dealer;
>
> (3) was negotiated by the dealer and the purchaser;
>
> (4) is not for the preparation, handling, or service of documents that are incidental to the extension of credit; and

> (5) is set forth on a buyer's order or similar agreement by a means
> other than preprinting.

[4] On September 7, 2017, Michiana filed a motion to dismiss the Complaint, asserting that Consumers had no private right of action under Indiana Code Section 9-32-13-7, and had failed to state a claim for relief pursuant to the Consumer Act, with its thirty-seven enumerated categories of deceptive acts. The trial court conducted a hearing on October 31, 2017, at which argument of counsel was heard. Consumers conceded that they had no private cause of action under Indiana Code Section 9-32-13-7 but argued that the reference to that statute was merely descriptive of an unfair consumer practice prohibited by the Consumer Act. The trial court concluded that a "catch-all" provision embodied in I.C. 24-5-0.5-3(a) permitted the claim of non-disclosure, denied Michiana's motion to dismiss and certified the order for interlocutory appeal. Appealed Order at 3. This Court accepted jurisdiction.

# Discussion and Decision

## Standard of Review

[5] A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the supporting facts. *Kitchell v. Franklin*, 997 N.E.2d 1020, 1025 (Ind. 2013). Accordingly, we view the complaint in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party. *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015). We stand in the shoes of the trial court and must

determine if the trial court erred in its application of the law. *Godby v. Whitehead*, 837 N.E.2d 146, 149 (Ind. Ct. App. 2005), *trans. denied*. A motion to dismiss is proper if "it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances." *City of E. Chicago*, *Indiana v. E. Chicago Second Century, Inc.*, 908 N.E.2d 611, 617 (Ind. 2009). In making this determination, we look only to the complaint and may not resort to any other evidence in the record. *Godby*, 837 N.E.2d at 149.

[6] Michiana's asserted grounds for dismissal invoke statutory interpretation. If the language of a statue is clear and unambiguous, we need not apply rules of construction other than to require that words and phrases be given their plain, ordinary, and usual meaning. *City of Carmel v. Steele*, 865 N.E.2d 612, 618 (Ind. 2007). If a statute is open to more than one interpretation, it is deemed ambiguous and subject to judicial construction. *Dobeski v. State*, 64 N.E.3d 1257, 1259 (Ind. Ct. App. 2016). The purpose of statutory construction is to implement the legislature's intent. *Richardson v. Town of Worthington*, 44 N.E.3d 42, 45 (Ind. Ct. App. 2015).

## Analysis

[7] The Consumer Act is a "remedial statute." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 332 (Ind. 2013). It "shall be liberally construed and applied to promote its purposes and policies." *Id.* (quoting I.C. § 24-5-0.5-1.) The stated purposes and policies are to:

> (1) simplify, clarify, and modernize the law governing deceptive and unconscionable consumer sales practices;
>
> (2) protect consumers from suppliers who commit deceptive and unconscionable sales acts; and
>
> (3) encourage the development of fair consumer sales practices.

I.C. § 24-5-0.5-1(b).

Indiana Code Section 24-5-0.5-3 concerns "deceptive acts." Subsection (a) provides:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.

Subsection (b), "without limiting the scope of subsection (a)," sets forth thirty-seven "deceptive acts." Some of those categories pertain to particular representations (such as "that replacement or repair .. is needed, if it is not" in category five). Several categories provide that a violation of a specified statutory scheme is a deceptive act (for example, category twenty-one, concerning health spa services, and category twenty-three, concerning home consumer transactions).

A deceptive act is actionable only if it is "incurable" or "uncured." I.C. § 24-5-0.5-4(a). To "cure," as applied to a deceptive act, means to either "offer in

writing to adjust or modify the consumer transaction to which the act relates to conform to the reasonable expectations of the consumer" or "to offer in writing to rescind such consumer transaction" and perform the offer if accepted. I.C. § 24-5-0.5-2(5).

[10] An incurable deceptive act is a deceptive act "done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." I.C. § 24-5-0.5-2(8). An "uncured deceptive act" is a deceptive act "with respect to which a consumer who has been damaged by such act has given notice to the supplier" and either "no offer to cure has been made to such consumer within thirty days after such notice" or "the act has not been cured as to such consumer within a reasonable time after the consumer's acceptance of the offer to cure." I.C. § 24-5-0.5-2(7). The buyer must give timely notice that "state[s] fully the nature of the alleged deceptive act and the actual damage suffered therefrom." I.C. § 24-5-0.5-5(a). The "obvious reason" for the requirement of specific notice is "so that the supplier has an opportunity to correct the problem." *A.B.C. Home & Real Estate Inspection, Inc. v. Plummer*, 500 N.E.2d 1257, 1262 (Ind. Ct. App. 1986).

[11] Thus, to state a claim under the Consumer Act, Consumers must have alleged that Michiana, a seller, committed an uncured or incurable deceptive act. The Complaint factually described the transactions between Michiana and Consumers and described conduct defined as an unfair practice in Indiana Code Section 9-32-13-7. The Complaint rested upon the premise that conduct that would constitute a violation of Indiana Code Section 9-32-13-7 would also

be a deceptive act within the meaning of the Consumer Act. Consumers asserted that Michiana had engaged in both uncured and incurable acts.

[12] At the hearing and in the memorandum of law in support of its motion to dismiss, Michiana argued that Consumers' complaint should be dismissed because Consumers failed to allege a deceptive act within the meaning of the statutory scheme and further argued that Consumers had alleged an incurable deceptive act without facts supporting the requisite "scheme, artifice, or device with intent to defraud or mislead." I.C. § 24-5-0.5-2(8). Michiana argued that the allegations of the Complaint did not fall into any of the thirty-seven enumerated categories of I.C. § 24-5-0.5-3(b) and further argued that Consumers were attempting to derive a private right of action from a statute solely entrusted to enforcement by the Indiana Secretary of State,[2] I.C. § 9-32-13-7. Consumers conceded that they had no private right of action under that statute.

[13] Michiana also directed the trial court's attention to this Court's decision in *Lawson v. Hale*, 902 N.E.2d 267, 274 (Ind. Ct. App. 2009) (concluding that a nondisclosure is not a "representation" of any fact). Consumers directed the trial court's attention to the subsequent legislative amendment to the Consumer Act, perhaps in response to *Lawson*.

---

[2] Indiana Code Section 9-32-13-31 provides that a violation is a Class A infraction.

[14]    In *Lawson*, a prospective purchaser of a tractor had inquired about the tractor's history and the seller had stated that it leaked oil and fuel and that he otherwise knew little about it. *See id.* at 273. After the sale, the purchaser discovered that the tractor had a cracked block and he sued, with one claim based upon the Consumer Act. He appealed a judgment in favor of the seller and we considered whether the seller's omission was a deceptive act:

> Indiana Code section 24-5-0.5-3(a), which requires an oral or written act or representation, does not apply to non-disclosures. … Lawson's claim that Hale committed a deceptive act under Indiana Code section 24-5-0.5-3(a)(2) must fail.

> But why? Hale is a supplier under the [Consumer Act], one purpose of the [Consumer Act] is to protect consumers from deceptive sales acts, and Hale arguably perpetrated a deceptive sales act by failing to tell Lawson of the crack in the tractor's engine block. Yet, Hale is not liable under the [Consumer Act]. Our holding is based purely on the language of the [Consumer Act]. That is, we are not saying that Hale's acts were not deceptive … but only that the categories of deceptive acts giving rise to liability under the [Consumer Act] are very specifically defined. *See* I.C. §§ 24-5-0.5-3, -10. Unfortunately for Lawson, Hale's acts do not fall into any of those categories; there is no general "fraud" category. Compare consumer protection acts in many other states, which either specifically refer to failure to state material facts or include "catch-all" clauses that could reach Hale's actions in this case. The [Consumer Act] contains no such provisions. Our legislature may choose to revisit the Act at some point.

*Lawson*, 902 N.E.2d at 274 (internal citation omitted).

[15] Effective July 1, 2014, the Indiana Legislature amended the Consumer Act to add a "catch-all" provision such as that referred to in *Lawson*. It is now found in subsection (a) of Indiana Code Section 24-5-0.5-3. After the amendment, deceptive acts are broadly defined to include non-disclosures or omissions. Explicitly, subsection (b) provides that, "without limiting the scope of subsection (a)," thirty-seven deceptive acts are described. *See id.* Under the plain language of the amended statute, Michiana could not obtain dismissal of the Complaint on grounds that its allegations did not pertain to thirty-seven exclusive categories of deceptive acts.

[16] Nor is dismissal justified on grounds that Consumers identified acts already addressed by Indiana Code Section 9-32-13-7, without providing a private cause of action. Given the breadth of the language in subsection (a) of Indiana Code Section 24-5-0.5-3 – that is, a prohibited act by a supplier includes "an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction" – conduct prohibited elsewhere in the Indiana Code could also be a deceptive act under the Consumer Act. That is not to say that a violation of the Motor Vehicle Dealer Services Act is a per se violation of the Consumer Act. The Consumer Act does not include violation of the Motor Vehicle Dealer Services Act within the express categories of deceptive acts of subsection (b).

[17] The primary allegations of the Complaint – that Michiana charged an unfair consumer fee and did not state its intention as part of the bargaining process – assert conduct generally within the realm of the Consumer Act. That said, however, the Consumer Act allows recovery only for deceptive acts that are

"incurable" or "uncured." I.C. § 24-5-0.5-4(a). The Complaint alleged in paragraph 28 "an uncured deceptive act pursuant to Ind. Code § 24-5-0.5-2(a)(7)." (App. Vol. II, pg. 12.) In paragraph 29, the Complaint alleged "an incurable deceptive act done as part of a scheme, artifice, or device with intent to defraud or mislead pursuant to Ind. Code § 24-5-0.5-2(a)(8). *Id*. at pg. 13. Paragraph 30 asserted that the Consumer Act violation was "willful." *Id.*

[18]  Michiana argues that a deceptive scheme, artifice, or device with intent to defraud is something akin to fraud and Consumers did not state facts to support a fraud claim.[3] There is an exception to Indiana's liberal notice pleading requirements when a claim involves fraud. Indiana Trial Rule 9(B) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred." This means that, generally, "to allege fraud sufficiently, the pleadings must state the time, the place, the substance of the false representations, the facts misrepresented, and identification of what was procured by fraud." *Kapoor v. Dybwad*, 49 N.E.3d 108, 120 (Ind. Ct. App. 2015), *trans. denied*. However,

---

[3] The elements of common law fraud are (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused injury. *Boots v. D. Young Chevrolet, LLC*, 93 N.E.3d 793, 799 (Ind. Ct. App. 2018). Fraud may include the failure to disclose all material facts. *Id.* When a buyer makes inquiry about the condition, qualities, or characteristics of property, the seller must fully declare any problems associated with the subject of the inquiry, or else risk liability for fraud. *Id.* (citing *Lawson*, 902 N.E.2d at 275.)

the exact level of particularity that is required will necessarily differ based on the facts of the case. [W]hile we require a plaintiff claiming fraud to fill in a fairly specific picture of the allegations in her complaint, we remain sensitive to information asymmetries that may prevent a plaintiff from offering more detail.

*Id.* at 132 (internal quotations and citations omitted) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013). For example, where "the heart of a constructive fraud claim based on a fiduciary duty is non-disclosure, … [it] is not an event that can be pled with specificity[; i]t is therefore sufficient simply to plead that the disclosure did not occur." *Id.* at 135.

[19] We find the general allegations of uncured and incurable acts adequate to withstand dismissal. The question before the trial court was whether the complaint stated a claim as opposed to whether the plaintiffs would likely prevail on the merits. At the pleading stage, a party may assert alternative and even inconsistent theories of recovery; it is sufficient to plead the operative facts of the case so that the defendant is put on notice of the expected trial evidence. *Cahoon v. Cummings*, 734 N.E.2d 535, 542 (Ind. 2000).[4] "A complaint is sufficient and should not be dismissed so long as it states any set of allegations, no matter how unartfully pleaded, upon which the plaintiff could be granted

---

[4] Indiana Trial Rule 8(E)(2) provides in part, "A pleading may set forth two [2] or more statements of a claim or defense alternatively or hypothetically, either in one [1] count or defense or in separate counts or defenses. When two [2] or more statements are made in the alternative and one [1] of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

relief." *Graves v. Kovacs*, 990 N.E.2d 972, 976 (Ind. Ct. App. 2013).  The Complaint survives this level of scrutiny.

# Conclusion

[20]  Consumers did not fail to state a claim upon which relief could be granted.  The trial court properly denied Michiana's motion to dismiss the Complaint.

[21]  Affirmed.

Bradford, J., and Brown, J., concur.