ATTORNEY FOR APPELLANTS

David C. Kolbe
Warsaw, Indiana



ATTORNEY FOR APPELLEE
WHITKO COMMUNITY SCHOOL
CORPORATION

David A. Izzo
Carmel, Indiana

ATTORNEY FOR APPELLEE
TOWN OF SOUTH WHITLEY,
INDIANA

Robert T. Keen, Jr.
Barrett McNagny LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Courtney Weikart, Ruth
Weikart, and Kevin Weikart,

*Appellants-Plaintiffs,*

v.

Whitko Community School
Corporation and Town of South
Whitley, Indiana,

*Appellees-Defendants*

October 17, 2019

Court of Appeals Case No.
19A-CT-1224

Appeal from the Whitley Circuit
Court

The Honorable Matthew J.
Rentschler, Judge

Trial Court Cause No.
92C01-1901-CT-8

**Baker, Judge.**

[1] Courtney, Ruth, and Kevin Weikart filed a lawsuit against the Whitko Community School Corporation (the School) and the Town of South Whitley, Indiana (the Town), after a school resource officer allegedly failed to report Courtney's allegation that she had twice been gang raped. The Appellees filed a motion to dismiss for failure to state a claim, which the trial court granted, finding as a matter of law that there is no civil cause of action based upon a failure to report. The Weikarts appeal, arguing that their complaint makes a prima facie case for breach of a special duty by a police officer. Finding no error, we affirm.

## Facts

[2] According to the Weikarts' complaint, in 2017, Matthew Gilbert was employed by the Town as a police officer and by the School as a school resource officer. Courtney was a student at the School, and Kevin and Ruth are her parents. In 2017, Courtney "was twice gang raped and reported each event to Officer Gilbert." Appellants' App. Vol. II p. 8. Officer Gilbert told Courtney and Ruth that he had notified the Kosciusko and Whitley County Sheriff's Departments about the alleged assaults and was "working on it." *Id.* But in fact, Officer Gilbert did not report the alleged assaults to the Sheriff's Departments.

[3] At some point, Officer Gilbert's failure to report the alleged assaults was discovered and he was charged with Class B misdemeanor failure to make a

report.[1]  Regional media reported on the criminal charge,[2] and as a result, the Weikarts "were subject to public disclosure of the events and suffered great emotional stress." *Id.*  Courtney, in particular, has suffered nightmares, emotional trauma, fear, anger, and post-traumatic stress disorder, and has required medication and psychiatric therapy as a result.

[4]     On January 7, 2019, the Weikarts sued the Appellees.  In addition to the above-described facts, the complaint also contains the following allegation: "Officer Gilbert obtained information from [Courtney] with regard to drug activity.  The public exposure of the gang rape[s] also resulted in the likelihood of exposure of the information she provided to Officer Gilbert regarding drug activity, and the persons there engaged, which has potentially placed her well being in danger and greatly compounded her emotional trauma and stress." *Id.* at 8-9.  With regard to the legal claim, the complaint alleges that "Officer Gilbert was carrying out his employer-conferred duties, which he willfully abused such that Defendants are liable pursuant to the doctrine of respondeat superior." *Id.* at 9.

---

[1] Indiana Code section 31-33-5-1 requires individuals "who ha[ve] reason to believe that a child is a victim of child abuse or neglect" to report their suspicions to the Department of Child Services (DCS) or a local law enforcement agency.  Indiana Code section 31-33-5-2(b), in turn, requires that an individual who is an employee of a public institution, agency, or school to report their suspicions either to DCS or the local law enforcement agency and to their employer.  The failure to make a report as required by those statutes is a Class B misdemeanor.  I.C. § 31-33-22-1.

[2] It does not appear that the media reporting included Courtney's name, but somehow, her involvement in the situation became publicly known.

On March 26, 2019, the Town filed a Trial Rule 12(B)(6) motion to dismiss the complaint; the School later joined the motion. On May 1, 2019, the trial court granted the motion to dismiss. In relevant part, it found as follows:

1. Plaintiffs' claim is predicated on a police officer's failure to report events allegedly relayed to him by the then-minor-child Plaintiff. Plaintiffs seek to have Officer Gilbert's employers held responsible for ensuing damage via the legal doctrine of respondent [sic] superior.

2. Indiana's caselaw consistently holds that there is no civil cause of action based upon this failure to report. This Court is bound to follow precedent.

***

4. Here, Plaintiffs claim in their Response that their action is one for "failure to execute law enforcement duties." The attempt to distinguish their case as something more than failure to report is unconvincing.

5. This Court finds that Plaintiffs' claim cannot be sufficiently divorced from the failure to report so as to constitute an independent and cognizable cause of action.

Appealed Order p. 1-2 (internal citations omitted). The Weikarts now appeal.

## Discussion and Decision

The Weikarts argue that the trial court erred by granting the Appellees' motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which

relief can be granted tests the legal sufficiency of a claim rather than the supporting facts. *Gasbi, LLC v. Sanders*, 120 N.E.3d 614, 617 (Ind. Ct. App. 2019), *trans. denied*. In considering the trial court's ruling on the motion to dismiss, we view the complaint in the light most favorable to the non-movant and draw every reasonable inference in favor of that party. *Id.* Dismissal is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief as a matter of law under any set of circumstances. *Id.* In making this determination, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

[7] The Weikarts concede that there is no private civil cause of action against a person who fails to report child abuse or neglect. *E.g.*, *Sprunger v. Egli*, 44 N.E.3d 690, 693 (Ind. Ct. App. 2015). They argue, however, that their complaint is not based on Officer Gilbert's failure to make a report; instead, they insist that it is based upon his "breach of special duty" as a law enforcement officer. Appellants' Br. p. 9.

[8] Initially, we note that this is the first time the Weikarts have raised this argument. Neither their complaint nor their response to the Appellees' motion to dismiss includes a claim that Officer Gilbert breached a special duty. Therefore, they have waived this argument. *E.g.*, *Pardue v. Smith*, 875 N.E.2d 285, 289-90 (Ind. Ct. App. 2007) (noting that appellants may not change their theory on appeal).

Waiver notwithstanding, the heart of this argument is the Weikarts' new claim that Officer Gilbert "owed a duty, special to Courtney, to carry out his police duties and to protect her informant activities from public disclosure." Appellants' Br. p. 11. In support of their argument, they direct our attention to *Estate of Tanasijevich v. City of Hammond*, 178 Ind. App. 669, 383 N.E.2d 1081 (1978). In that case, the plaintiff's real estate was vandalized after he provided law enforcement with information about local gang activity. This Court considered the question of duty, observing that the police owed the plaintiff a duty to prevent the criminal acts to his property but finding that "this duty is a [g]eneral duty which the police owe to all members of the public," which does not give rise to liability. *Id.* at 673, 338 N.E.2d at 1083. The Court then turned to whether the police owed the plaintiff a "special duty" in that case:

> Only when a [s]pecial duty is owed to an individual by the police will the employing governmental unit be held liable for damages to that individual which flow from the breach of duty. To be a [s]pecial duty, a duty must be particularized as to an individual. In particular circumstances a governmental unit or its subservient police force can, by its conduct, narrow an obligation which it owes to the general public into a Special duty to an individual.

*Id.* at 673, 338 N.E.2d at 1084 (internal citations omitted). Ultimately, the *Tanasijevich* Court held that "subsequent to a citizen's collaboration with police in the investigation of criminal activities, a [s]pecial duty to protect that individual from criminal retaliation may arise if that danger appears reasonably likely to occur." *Id.* at 674, 383 N.E.2d at 1084.

[10] We find *Tanasijevich* readily distinguishable from the case before us because there are no factual allegations here tending to suggest a special relationship between Courtney and Officer Gilbert. The complaint does *not* allege that Officer Gilbert solicited Courtney to be an "informant." Appellant's Br. p. 10, 11. Instead, it merely states that he "obtained information" from her "with regard to drug activity." Appellants' App. Vol. II p. 8.[3] Unlike in *Tanasijevich*, therefore, none of Officer Gilbert's alleged actions narrowed his general public duty into a specific one owed to Courtney.

[11] The Weikarts concede that there is no private right of action stemming from a failure to report. And even if they had not waived their argument related to a "special duty," they have failed to show as a matter of law that such a duty existed in this case. Consequently, the trial court did not err by granting the Appellees' motion to dismiss.

[12] The judgment of the trial court is affirmed.

Kirsch, J., concurs.
Crone, J., concurs with a separate opinion.

---

[3] We also note that even if Courtney was acting as some kind of informant, it is not at all clear from the complaint how that relates to Officer Gilbert's obligation to report the alleged rapes. Similarly, the complaint does not allege that the Town or the School failed to protect Courtney from any adverse consequences of her alleged status as an informant.

| | |
|---|---|
| Courtney Weikart, Ruth Weikart, and Kevin Weikart, | Court of Appeals Case No. 19A-CT-1224 |
| *Appellants-Plaintiffs,* | |
| v. | |
| Whitko Community School Corporation and Town of South Whitley, Indiana, | |
| *Appellees-Defendants* | |

**Crone, Judge, concurring.**

[13] I concur because the Weikarts have stipulated that there is no private civil cause of action against a person who fails to report child abuse and because they have waived their "special duty" argument by raising it for the first time on appeal. I do so reluctantly, however, because the Indiana Supreme Court has not definitively held that the child abuse reporting statutes do not confer a private civil cause of action, and the school resource officer's egregious violations of those statutes in the context of his special relationship with C.W. call out for a

remedy for the injuries to her person and reputation as promised by Article 1, Section 12 of the Indiana Constitution.

[14] This child was victimized by two horrible sexual assaults, and when Officer Gilbert failed to help her, she was victimized once again by the publicity surrounding his arrest. I have great respect for law enforcement officers, and they are often faced with difficult split-second decisions that can have life-or-death consequences for which they should not and do not incur civil liability. This was not one of those situations.

[15] I apologize to this child and her family for being neither learned enough nor wise enough to think of an adequate remedy for them given the current state of our law, which leaves the constitutional promise of a remedy unfulfilled. It is not right, and I hope one day it will change.