

FILED

Dec 23 2024, 9:02 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Dreyer & Reinbold, Inc.,

*Appellant-Plaintiff*

v.

Madison Auto Sales, LLC,

*Appellee-Judgment Defendant*

and

Western Surety Company,

*Appellee/Garnishee Defendant*

December 23, 2024

Court of Appeals Case No.
24A-PL-1133

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49D01-2209-PL-31090

**Opinion by Judge Weissmann**
Judges Pyle and Felix concur.

**Weissmann, Judge.**

Dreyer and Reinbold (D&R), a car dealership, won an approximately $20,000 default judgment against Madison Auto Sales (Madison) for converting a vehicle from D&R's lot. D&R had repaired the vehicle, but the owner abandoned it without paying. Madison, which held the car's loan, took the vehicle without D&R's permission and then advertised it for sale without disclosing D&R's lien.

D&R sought to recover its judgment from Madison's dealer surety bond. Like all licensed car dealers in Indiana, Madison maintained a surety bond with Western Surety Company to cover damages from violations of the Dealer Services Act, Indiana Code § 9-32-1 et seq. This Act focuses on preventing fraudulent, deceptive, or unfair practices in connection with vehicle sales and purchases. The trial court found D&R had not proven that its damages related to any violation of the act and therefore the bond did not cover its damages. We affirm.

## Facts

In early June 2022, D&R made repairs totaling about $3,200 to a vehicle owned by Michael Succes, who had purchased and financed the vehicle through Madison. Succes never returned to D&R's shop to retrieve the vehicle or pay

for the repairs so D&R retained the vehicle on its lot pursuant to a possessory mechanic's lien.

[4] Sometime between June 21 and August 2, 2022, Madison, which held a security interest in Succes's vehicle, removed the vehicle from D&R's lot without notice to or permission from D&R.[1] Madison ignored D&R's subsequent demand for payment for the repairs and, instead, advertised the vehicle for sale on its website. The record does not reveal whether the vehicle was sold.

[5] D&R filed a complaint against Madison alleging criminal conversion and seeking treble damages, attorney fees, and expenses under Indiana's Crime Victims Relief Act, Ind. Code § 34-24-3-1. When Madison did not answer or otherwise respond to D&R's complaint, the trial court entered a default judgment against Madison totaling $13,072.72. Madison then filed several motions to set aside the default judgment, all of which were denied. The court also awarded D&R additional attorney fees of $7,208.00 for defending against Madison's post-judgment motions, bringing the total judgment to $20,280.72.

[6] To collect on its judgment, D&R made a claim against a $25,000 surety bond that Western had issued to Madison as a licensed car dealer under the Dealer Services Act (the Act). The bond secured "the payment of damages to a person aggrieved by a violation of [the Act] by the principal after a judgment is issued

---

[1] The record does not reveal the details of this recovery.

in favor of the aggrieved person." App. Vol. II, p. 167. Western denied D&R's claim, asserting that the judgment for conversion did not establish a violation of the Act and such a violation was a prerequisite to recovery under the bond.

[7] D&R initiated proceedings supplemental to its judgment to collect the judgment from Madison's bond issued by Western. During these proceedings, D&R argued, among other things, that Madison violated the Act through its conversion of the car and by advertising the vehicle for sale without revealing D&R's lien. After a hearing, the trial court denied D&R's forfeiture request, concluding:

- Even if Madison was false, deceptive, or misleading in advertising the vehicle's sale, D&R was not aggrieved because: (1) there is no evidence the car was sold; and (2) D&R never obtained a judgment relating to the advertisement.

- Madison's conversion did not violate the Act because conversion is not an inherently fraudulent or deceitful act. Nor did the conversion occur "in connection with the offer, sale, or purchase of a motor vehicle" as required by Act.

Ultimately, the trial court characterized Madison's actions as a "presumably good faith attempt to repossess its collateral" that resulted in a judgment for conversion due to the default judgment. *Id.* at 12-14. D&R appeals.

## Discussion and Decision

[8] D&R contends the trial court erroneously concluded that Madison's conversion and advertisement were not violations of the Act that triggered coverage under Western's surety bond. We review de novo a trial court's interpretation of

statutes, such as the Act. *See Mellowitz v. Ball State Univ.*, 221 N.E.3d 1214, 1220 (Ind. 2023). Similarly, the interpretation of a surety bond, like any contract, is a question of law that we review de novo. *Town of Plainfield v. Paden Eng'g Co.*, 943 N.E.2d 904, 909 (Ind. Ct. App. 2011).

[9] And as to the facts, the facts alleged in D&R's original complaint are deemed admitted as a result of the default judgment. *McLean v. Trisler*, 161 N.E.3d 1259, 1270 (Ind. Ct. App. 2020) (noting the "well-settled" rule that when default judgment is entered, the facts as alleged in the complaint are deemed admitted). As to the remaining facts relied upon by the trial court—that is, those not deemed admitted by the default judgment—we owe no deference to the trial court's findings because the court relied on a paper record without conducting an evidentiary hearing. *Branham Corp. v. Newland Resources, LLC*, 44 N.E.3d 1263, 1272 (Ind. Ct. App. 2015). In the end, we agree with the trial court that the bond does not apply here.

## I. The Act, the Bond, and D&R's Arguments

[10] The Act requires licensed car dealers, like Madison, to maintain a bond that secures "the payment of damages to a person aggrieved by a violation of [the Act] by the licensee after a judgment has been issued." Ind. Code § 9-32-11-2(h)(3). The bond Western issued to Madison uses similar language. It secures "the payment of damages to a person aggrieved by a violation of [the Act] by the principal after a judgment is issued in favor of the aggrieved person." App. Vol. II, p. 167. Resolution of this appeal hinges on whether D&R was aggrieved by a violation of the Act after a judgment has been issued.

[11]     In the trial court, D&R contended it was "aggrieved" based on Madison's violation of two sections of the Act—Indiana Code § 9-32-13-20 (Section 20) and Indiana Code § 9-32-13-26 (Section 26). On appeal, however, D&R cites only to Section 26. We therefore consider D&R to have abandoned any claim under Section 20. As for Section 26, that statute provides:

> It is an unfair practice for a dealer to, *in connection with the offer, sale, or purchase of a motor vehicle*, directly or indirectly:
>
> (1) employ a device, scheme, or artifice to defraud;
>
> (2) make an untrue statement of a material fact or omit to state a material fact necessary to make the statement made, in light of the circumstances under which the statement was made, not misleading; or
>
> (3) engage in an act, practice, or course of business that operates or would operate as a fraud or deceit upon another person.

Ind. Code § 9-32-13-26 (emphasis added).

[12]     D&R focuses its Section 26 claims on attacking limited parts of the trial court's judgment without also explaining more broadly why it should have prevailed on the merits. Given the limited record, this approach impedes appellate review. In the trial court, D&R appears to have asserted a violation by Madison of each of Section 26's three subsections. First, D&R argued that Madison's conversion was a "device, scheme, or artifice to defraud" that violated subsection (1). Second, D&R seemingly claimed that Madison's advertisement of the vehicle's sale was misleading or fraudulent and, thus, a violation of subsection (2), due to its failure to reveal D&R's lien. And third, D&R asserted

that Madison's conversion of the vehicle and advertisement of its sale constituted a "course of business that operates or would operate as a fraud or deceit upon another person," in violation of subsection (3).

[13] Each of D&R's claims fails for one of two reasons: (A) Madison's conversion of the vehicle was not done "in connection with the offer, sale, or purchase of a motor vehicle," as required by the premise of Section 26; and (B) D&R's judgment for Madison's conversion was not based on Madison's advertisement of the vehicle's sale.

## A. The Conversion Was Not "In Connection with the Offer, Sale, or Purchase of a Motor Vehicle"

[14] To violate Section 26, the alleged act by the dealer must be "in connection with the offer, sale, or purchase of a motor vehicle." Ind. Code § 9-32-13-26. The parties and the trial court treated Section 26 and the other relevant provisions of the Act as unambiguous, and we agree with this view. *Gasbi, LLC v. Sanders*, 120 N.E.3d 614, 617 (Ind. Ct. App. 2019) ("If a statute is open to more than one interpretation, it is deemed ambiguous and subject to judicial construction."). When statutory language is clear and unambiguous, we need not apply the rules of statutory construction other than to require that words and phrases be given their plain, ordinary, and usual meaning. *Id.*

[15] Relying on the plain language of Section 26, the trial court found that Madison's "conversion, meant as an act of repossession, did not occur in connection with the offer, sale, or purchase of a motor vehicle." App. Vol. II, p.

14. D&R's stance is that the conversion was "in connection" with the sale of the vehicle because Madison advertised the vehicle for sale shortly after recovering it.

[16] We conclude, as the trial court did, that the conversion was designed to secure Madison's interest in the vehicle—not to accomplish a sale to a third party. The only connection between the act of conversion and the later advertisement for sale of the vehicle was that the conversion placed the vehicle back in Madison's possession.

[17] The legislature's use of "in connection with" in other sections of the Act buttresses our conclusion that any relationship between the conversion and the advertisement was too attenuated to violate Section 26. The phrase "in connection with" appears in various definitions of an unfair dealer practice, and in each, the link between the related acts is far closer. For example:

- Indiana Code § 9-32-13-2 defines as an unfair practice a dealer's willful failure "to perform the obligations imposed on the dealer *in connection with* the delivery and preparation of a new motor vehicle for retail sale as provided in the preparation and delivery agreement of the manufacturer or distributor" (emphasis added);

- Indiana Code § 9-32-13-3 treats as an unfair practice a dealer's willing failure "to perform the obligations imposed on the dealer *in connection with* the warranty agreement of the manufacturer or distributor" (emphasis added); and

- Indiana Code § 9-32-13-15 provides: "It is an unfair practice for a manufacturer or distributor to fail to compensate a dealer at the dealer's retail rate for the work and services the dealer is required to perform *in*

*connection with* the dealer's delivery and preparation obligations" (emphasis added).

In each of these three statutes, the act that is an unfair practice—a failure to perform—is closely related to the thing that the failure to perform was "in connection with"—that is, the warranty agreement in Indiana Code § 9-32-13-3 and the delivery/preparation obligations in Indiana Code §§ 9-32-13-2 and -15. Madison's act of conversion, on the other hand, lacks a similarly close link to its allegedly deceptive advertisement. Accordingly, we reject D&R's claim that Madison's conversion was a fraudulent or deceitful act or course of business "in connection with" Madison's later advertisement of the vehicle for sale. D&R therefore has failed to establish that Madison, through its conversion alone, violated Indiana Code § 9-32-13-26.

## B.    The Judgment for Madison's Conversion Was Not Based on Madison's Advertisement of the Vehicle's Sale

As previously noted, the bond required of car dealers in Indiana must "secure the payment of damages to a person aggrieved by a violation of [the Act] by the licensee after a judgment has been issued." Ind. Code § 9-32-11-2(h)(3). The bond that Western issued to Madison closely echoed this language. Thus, with respect to Madison's allegedly deceptive or misleading advertisement, the plain language of both Indiana Code § 9-32-11-2(h)(3) and the bond establish that D&R can recover under the bond only if: (1) D&R was "a person aggrieved" by Madison's violation of the Act through its advertisement; and (2) a judgment for damages has been entered. We find these requirements were not met.

[20] Though D&R's original complaint noted, in passing, that Madison had advertised the vehicle for sale, it did not raise any claims as to the advertisement. Thus, D&R obtained no judgment and no damages for the allegedly deceptive advertising. Accordingly, the trial court found the bond did not apply.

[21] Even if the advertising violated the Act, D&R was not aggrieved by this violation. As the trial court observed, there was no evidence that the subject vehicle had been sold. The trial court also noted that Indiana Code § 9-32-11-2(h)(3) applies to secure the payment of damages "after a judgment has been issued" and no "judgment [was] issued related to D&R's false advertisement claim, as such a claim never existed." App. Vol. II, p. 13.

[22] D&R offers little reason to question this analysis. D&R seems to contend that it was "aggrieved" by the advertisement because the advertisement, together with the conversion, constituted a "course of business" that would operate as a fraud upon another person. *See* Ind. Code § 9-32-13-26(3). But we already have determined that the conversion did not violate the Act because it was not "in connection with" the advertisement's offered sale of the vehicle. Thus, hitching the advertisement claim onto the conversion wagon does not advance D&R's claim that it was aggrieved by the advertisement.

[23] D&R does not offer any basis for finding the trial court erred in finding D&R could not recover under the bond for the advertisement. D&R merely asserts in its appellant's brief, without elaboration, that as an aggrieved person and holder

of an unsatisfied judgment, D&R was entitled to the bond proceeds for D&R's violations of the Act involving the advertisement.

[24] In its reply brief, however, D&R details its claims and presents various arguments that it did not specifically raise previously on appeal or in the trial court. But a party may not raise arguments for the first time in a reply brief. *Kirchgessner v. Kirchgessner*, 103 N.E.3d 676, 682 (Ind. Ct. App. 2018). We therefore do not address D&R's belated arguments attacking the trial court's finding that the lack of any claim or damages for the allegedly false advertising means that the Act's requirement of a "judgment" was not met. *See* Ind. Code § 9-32-11-2(h)(3).

[25] Because D&R has not established a violation of the Act, followed by judgment, D&R is not "an aggrieved person" under the Act and was not entitled to recover its judgment through the bond. We therefore affirm the trial court's judgment.

Pyle, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Donn H. Wray
Cameron J. Bosak
Stoll Keenon Ogden PLLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kevin D. Koons
Justin R. Olson
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana