Arthur W. WIGGINS and Laura Wiggins, Appellants (Plaintiffs Below),

v.

BOARD OF COMMISSIONERS OF DEARBORN COUNTY, Appellee (Defendant Below).

No. 1–1180A327.

Court of Appeals of Indiana, First District.

July 2, 1981.

relating to building codes at best points out that the function was "discretionary" and therefore, immune.[1]

The standard for measuring the sufficiency of a complaint against a motion to dismissed based upon T.R. 12(B)(6) criteria is:

> ... a complaint is not subject to dismissal unless it *appears to a certainty* that the plaintiff would not be entitled to relief *under any set of facts.* (Original emphasis).

*State v. Rankin,* (1973) 260 Ind. 228, 230, 294 N.E.2d 604, 606.

*Rankin* continues by holding that the complaint need not state all elements of the cause of action, nor even state the theory upon which the claim is based. Additionally, when no affidavits have been submitted or evidence heard a T.R. 12(B)(6) motion should be granted only when it is clear from the face of the complaint that under no circumstances could relief be granted. *State v. Rankin, supra.*

Following the foregoing teachings, we are constrained to hold that the trial court's ruling was error. Notwithstanding the mere allegation of non-mandatory duties by the county in the motion to dismiss, and considering the "bare-bones" approach of notice pleading, as well as the lack of either evidence or affidavit before the trial court, we cannot say as a matter of law that it is clear from the face of the complaint that the necessary deficiency exists.

Exercising a bit of judicial prescience we observe that facts consonant with the allegations made in the record, when presented in a summary judgment format, may well produce a different result.

Reversed and remanded.

NEAL, P. J., and RATLIFF, J., concur.

Terrance W. Richmond, Milan, for appellants.

Arthur R. Welling, Jr., Lind, Deckard & O'Brien, Danville, for appellee.

ROBERTSON, Judge.

The plaintiffs-appellants, Wiggins, appeal from the trial court's granting the defendant-appellee's, the Board of Commissioners of Dearborn County (County), motion to dismiss. We reverse.

The Wiggins filed suit against the commissioners asserting that the Wiggins had a home built in Dearborn County; that the home was not properly constructed pursuant to proper building standards; that the county did not require builders to conform to minimum state standards; that the county did not enact a local building code; that the county did not create an agency to formulate building standards; and that the county failed to employ agents and employees to formulate and enforce building standards. The county filed an unverified motion to dismiss, based upon Ind. Rules of Procedure, Trial Rule 12(B)(6), which stated that the duties listed in the complaint were not mandatory duties of the county and that governmental immunity attached. No evidence was taken and the trial court granted the motion on the basis of the pleadings then before it by ruling, in substance, that the failure of Wiggins to plead that the county had undertaken the task

1. *See: Board of Commissioners of Delaware County v. Briggs,* (1975) 167 Ind.App. 96, 337 N.E.2d 852.