


FILED

Jun 12 2020, 1:04 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-CT-354

## Bayer Corporation, et al.,

*Appellants-Defendants,*

—v—

## Rene Leach, et al.,

*Appellees-Plaintiffs.*

Decided: June 12, 2020

Appeal from the Marion Superior Court, No. 49D14-1803-CT-12218

The Honorable James B. Osborn, Judge

On Petition to Transfer from the Indiana Court of Appeals

No. 19A-CT-625

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

The plaintiffs, 36 women, filed a product-liability suit against the defendants, Bayer Corporation and some related entities, alleging multiple claims related to a medical device that Bayer manufactured. Later, Bayer filed a motion for judgment on the pleadings under Indiana Rule of Trial Procedure 12(C). The trial court denied Bayer's motion but certified it for interlocutory appeal. On appeal, the Court of Appeals affirmed the trial court. Instead of addressing the legal viability of all the plaintiffs' claims, however, it addressed the legal viability of only one. Concluding the Court of Appeals should have addressed the merits of all the claims, we grant transfer and remand to the Court of Appeals to address the viability of each claim.

## Facts and Procedural Background

The plaintiffs allege that Bayer violated both Indiana's Product Liability Act and other state and federal laws by covering up adverse information and by misleading federal regulators, the public, and the plaintiffs. The plaintiffs' allegations include that Bayer committed numerous wrongful acts, including defective manufacturing, false and misleading marketing and promotions, maintaining defective warnings and labels, and negligently and improperly training physicians. The plaintiffs also allege that Bayer failed to meet certain regulatory obligations, including failing to timely and properly update warnings and labels, failing to report and respond to adverse events, failing to report negative clinical studies, and failing to perform post-market studies and surveillance.

Responding to these allegations, Bayer filed a motion for judgment on the pleadings, arguing that the plaintiffs failed to adequately plead their claims and that their claims were preempted by the Medical Device Amendments to the Federal Food, Drug, and Cosmetic Act. The trial court summarily denied Bayer's motion. At Bayer's request, the trial court certified its interlocutory order, and the Court of Appeals accepted jurisdiction. *See* Ind. Appellate Rule 14(B).

The Court of Appeals affirmed, holding that the plaintiffs' manufacturing defect claim was sufficiently pleaded and not preempted by federal law. *Bayer Corp. v. Leach*, 139 N.E.3d 1127, 1134–35 (Ind. Ct. App. 2019), *vacated*. The Court of Appeals acknowledged other legal theories and factual allegations in the pleadings but concluded that it need not address those as it had identified a claim upon which relief could be granted. *Id.* at 1135.

Having granted transfer, thereby vacating the Court of Appeals opinion, *see* App. R. 58(A), we remand to the Court of Appeals to consider whether Bayer's motion for judgment on the pleadings was properly denied as to all the plaintiffs' claims.

## Discussion

Indiana is a notice pleading state and requires that pleadings contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Ind. Trial Rule 8(A)(1). Plaintiffs need not "set out in precise detail the facts upon which the claim is based, [but they] must still plead the operative facts necessary to set forth an actionable claim." *Trail v. Boys & Girls Club of Nw. Indiana*, 845 N.E.2d 130, 135 (Ind. 2006). This means that although "highly desirable," a precise legal theory in a pleading—a principle connecting a claim to the relief sought—"is not required." *State v. Rankin*, 260 Ind. 228, 231, 294 N.E.2d 604, 606 (1973).

The purpose of notice pleading is to inform a defendant of a claim's operative facts so the defendant can "prepare to meet it." *Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558, 564 (Ind. 1996) (*quoting* Jack H. Friedenthal, et al., Civil Procedure § 5.7, at 253 (2nd Ed. 1993)). Although a single complaint often contains multiple claims, claims requiring different "research, evidence, arguments, and litigation strategy" require discrete factual allegations. *Noblesville Redevelopment Comm'n*, 674 N.E.2d at 564.

The sufficiency of the pleadings' claims and defenses is tested by a motion for judgment on the pleadings under Trial Rule 12(C). *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017). In reviewing a motion under

12(C), a court must "base [its] ruling solely on the pleadings" and "accept as true the material facts alleged in the complaint." *Id.* (*quoting Veolia Water Indianapolis, LLC v. National Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014)). A court should grant the motion "only when it is clear from the face of the pleadings that the plaintiff cannot in any way succeed under the operative facts and allegations made therein." *Noblesville Redevelopment Comm'n*, 674 N.E.2d at 562; *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010). So when a pleaded claim provides no circumstances in which relief can be granted, there is no need to put either the parties or the court through costly and time-consuming litigation.

Here, like in most complex litigation, the plaintiffs allege several sets of operative facts, amounting to several discrete claims. The Court of Appeals addressed the legal viability of only one of those claims: defective manufacturing. The Court of Appeals did not analyze the remaining ones, reasoning that any viable claim preserves the entire complaint. But that is not correct. In a complaint with multiple claims, the viability of a single claim does not immunize a separate, deficient claim from judgment on the pleadings. When analyzing pleadings for Rule 12(C) purposes, Indiana courts are required to address the viability of each claim presented, disposing of only unviable ones. *See, e.g., KS&E Sports*, 72 N.E.3d at 907–08 (finding judgment on the pleadings was proper for some, but not all, of the alleged claims).

Here, the Court of Appeals failed to address the viability of each claim presented in the pleadings. We remand to the Court of Appeals to consider the viability of each of the plaintiffs' claims.

Rush, C.J., and David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANTS

Mary Nold Larimore
Robert A. Jorczak
Ice Miller LLP
Indianapolis, Indiana

Erika L. Maley
Christopher A. Eiswerth
Sidley Austin LLP
Washington, District of Columbia

ATTORNEYS FOR APPELLEES

Gregory J. Bubalo
Kate A. Dunnington
Bubalo Law PLC
Louisville, Kentucky

Lee C. Christie
Katherine A. Franke
Cline Farrell Christie Lee & Bell, P.C.
Indianapolis, Indiana